736 So.2d 91 (1999)
STATE of Florida, Appellant,
v.
Jason LITTON, Appellee.
No. 98-3486.
District Court of Appeal of Florida, Fourth District.
June 9, 1999.
*92 Robert A. Butterworth, Attorney General, Tallahassee, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Paul E. Petillo, Assistant Public Defender, West Palm Beach, for appellee.
PER CURIAM.
In this case, prior to accepting Jason Litton's plea of guilty to the charged offenses of burglary of a dwelling and dealing in stolen property, the trial court was called upon to consider whether the Prison Releasee Reoffender Act, section 775.082(8), Florida Statutes (1997),[1] applied to Litton as he had burglarized an unoccupied dwelling. The trial court ruled that burglary of an unoccupied dwelling was not one of the enumerated offenses and, thus, that the statute did not apply to Litton. The State appealed.
Subsequent to the trial court's ruling, we rejected such a construction of the statute, finding that burglary of a dwelling, occupied or unoccupied, subjects a criminal defendant to the Prison Releasee Reoffender Act. See Scott v. State, 721 So.2d 1245 (Fla. 4th DCA 1998). Accordingly, we reverse the sentence imposed.
Because the trial court ruled upon application of the statute prior to the plea colloquy, Litton was not adequately or accurately advised of the consequences of his guilty plea. See Fla. R.Crim. P. 3.172(c)(1). Thus, we remand this case to provide Litton the opportunity to withdraw his plea.
REVERSED and REMANDED.
WARNER, STEVENSON and TAYLOR, JJ., concur.
NOTES
[1] The Prison Releasee Reoffender Act provides in pertinent part:

(8)(a)1. "Prison releasee reoffender" means any defendant who commits, or attempts to commit:
. . . .
q. Burglary of an occupied structure or dwelling; or
. . . .
within 3 years of being released from a state correctional facility operated by the Department of Corrections or a private vendor.
2. If the state attorney determines that a defendant is a prison releasee reoffender as defined in subparagraph 1., the state attorney may seek to have the court sentence the defendant as a prison releasee reoffender. Upon proof from the state attorney that establishes by a preponderance of the evidence that a defendant is a prison releasee reoffender as defined in this section, such defendant is not eligible for sentencing under the sentencing guidelines and must be sentenced as follows:
a. For a felony punishable by life, by a term of imprisonment for life;
b. For a felony of the first degree, by a term of imprisonment of 30 years;
c. For a felony of the second degree, by a term of imprisonment of 15 years; and
d. For a felony of the third degree, by a term of imprisonment of 5 years.
(b) A person sentenced under paragraph (a) shall be released only by expiration of sentence and shall not be eligible for parole, control release, or any form of early release. Any person sentenced under (a) must serve 100 percent of the court-imposed sentence.
§ 775.082(8)(a)-(b), Fla. Stat. (1997)(emphasis added).1998 amendments to section 775.082 have caused renumbering of the statute and the Prison Releasee Reoffender Act now appears at subsection (9) of the statute. See § 775.082(9), Fla. Stat. (Supp.1998).