736 So.2d 1231 (1999)
STATE of Florida, Appellant,
v.
John A. WHITE, Appellee.
No. 98-01472.
District Court of Appeal of Florida, Second District.
June 18, 1999.
*1232 Robert A. Butterworth, Attorney General, Tallahassee, and Dale E. Tarpley, Assistant Attorney General, Tampa, for Appellant.
Jeffrey A. Haynes of Filipkowski & Haynes, P.A., Sarasota, for Appellee.
BLUE, Judge.
The State appeals the trial court's refusal to sentence John A. White as a prison releasee reoffender based on his conviction for burglary of a dwelling. The trial court refused to apply the Prison Releasee Reoffender Act because the dwelling was not occupied at the time of White's burglary. Because the Act does not require an occupied dwelling, we reverse.
The legislature has defined a prison releasee reoffender as a defendant who, within three years of being released from prison, commits or attempts to commit an offense from the list enumerated in the statute. See § 775.082(8)(a)1, Fla. Stat. (1997). The list of qualifying offenses includes "[b]urglary of an occupied structure or dwelling." § 775.082(8)(a)1q. The State argues that the word "or" between "occupied structure" and "dwelling" indicates a legislative intent to treat the two alternatives separately. "[T]he use of the word "or" is generally construed in the disjunctive when used in a statute or rule .... [and] indicates that alternatives were intended." Sparkman v. McClure, 498 So.2d 892, 895 (Fla.1986). The Fourth District has concluded that "whether the dwelling was occupied has no legal effect for purposes of sentencing under the [Prison Releasee Reoffender] Act." Scott v. State, 721 So.2d 1245, 1246 (Fla. 4th DCA 1998) (citations omitted). We agree. Accordingly, we reverse and remand for resentencing under the Act.
Reversed and remanded.
ALTENBERND, A.C.J., and DAVIS, J., Concur.