744 So.2d 1185 (1999)
STATE of Florida, Appellant,
v.
George CHAMBERLAIN, Appellee.
No. 98-03279.
District Court of Appeal of Florida, Second District.
November 3, 1999.
*1186 Robert A. Butterworth, Attorney General, Tallahassee and Erica M. Raffel, Assistant Attorney General, Tampa, for Appellant.
William K. Eble, Sr. of Chane & Eble, P.A., Dade City, for Appellee.
CAMPBELL, Judge.
The State challenges appellee's sentencing, arguing that the court should have classified and sentenced appellee as a prison releasee reoffender. We agree and reverse.
We dispose of the jurisdictional issues first. Citing to the State's stipulated agreement to the sentence imposed, appellee argues that by agreeing to the sentencing, the State did not properly object for purposes of the Criminal Appeal Reform Act, thus precluding this court from exercising jurisdiction. We cannot agree. Although the State did stipulate to the sentencing, that was only because the court had already ruled that the Prison Releasee Reoffender Act did not apply. Consequently, when the State stipulated to the sentence imposed, it did so subject to its objection to the court's ruling on the applicability of the Prison Releasee Reoffender Act, specifically objecting for purposes of appeal. We believe this was sufficient to preserve the issue for review.
Appellant has also raised the ultimate applicability of the Prison Releasee Reoffender Act to appellee given the timing of appellee's release from prison. However, the date of appellee's release from prison is not the determinative date for purposes of the Act. See Arnold v. State, 24 Fla. L. Weekly D1834, ___ So.2d ___, 1999 WL 565862 (Fla. 4th DCA Aug.4, 1999). Since appellee committed his new offenses on July 21, 1997, after the May 30, 1997 effective date of the Act, the Act may be applied to appellee.
Appellee's first substantive argument at trial concerning the Prison Releasee Reoffender Act was that the Act violated the single subject rule. However, appellee abandoned that argument when he discovered that the judge had found the Act inapplicable to another defendant because of the "occupied structure or dwelling" language in the Act. See § 775.082(9)(a)1.q., Fla. Stat. (1997). Appellee then argued that the Act should be found inapplicable to him for the same reason. He reasoned that since he was convicted of burglary of a dwelling that was unoccupied, and the Act required that the burglary be of an occupied dwelling in order to apply, the Act did not apply to him. The court agreed with appellee. The State and appellee then stipulated to a ten-year sentence of appellee as a habitual felony offender.
This court has since ruled in State v. White, 736 So.2d 1231 (Fla. 2d DCA 1999) that the Prison Releasee Reoffender Act does apply to a sentence for burglary of an unoccupied dwelling. In other words, the dwelling need not be occupied for the offense to qualify the offender for prison releasee reoffender status. Since appellee's entry into an unoccupied dwelling did not save him from application of the Act, we conclude that the trial court (without the benefit of our ruling in State v. White) erred in ruling that the Prison Releasee Reoffender Act did not apply to appellee.
Having concluded that the court erred in refusing to classify appellee as a prison releasee reoffender, we reverse and remand for resentencing.
Reversed and remanded.
PATTERSON, C.J. and CASANUEVA, J., Concur.