744 So.2d 1215 (1999)
STATE of Florida, Appellant,
v.
Stanley V. HUGGINS, Appellee.
No. 98-3949.
District Court of Appeal of Florida, Fourth District.
November 10, 1999.
Robert A. Butterworth, Attorney General, Tallahassee, and Rochelle L. Kirdy, Assistant Attorney General, West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Karen E. Ehrlich, Assistant Public Defender, West Palm Beach, for appellee.

EN BANC
HAZOURI, J.
Stanley Huggins (Huggins) was charged with burglary of a dwelling. Prior to accepting Huggins's plea of guilty, the trial court was called upon to consider whether the Prison Releasee Reoffender Act (PRR), section 775.082(8), Florida Statutes (1997),[1] applied to Huggins as he had burglarized *1216 an unoccupied dwelling. The trial court ruled over the objection of the state that burglary of an unoccupied dwelling was not one of the enumerated offenses, and thus, the PRR did not apply to Huggins. Huggins pled guilty to the charge, was adjudicated guilty of burglary of an unoccupied dwelling and received a guideline sentence of 55 months in the Department of Corrections. Had Huggins been sentenced under the PRR, the trial court would have been required to sentence him to a mandatory sentence of fifteen years in the Department of Corrections. The state appeals. We affirm the trial court's decision and hold that the PRR section 775.082(8)(a)(1)(q) does not apply to burglary of an unoccupied dwelling.
In arriving at our conclusion, we are called upon to apply the principles of statutory construction. According to our supreme court:
One of the most fundamental principles of Florida law is that penal statutes must be strictly construed according to their letter. This principle ultimately rests on the due process requirement that criminal statutes must say with some precision exactly what is prohibited. Words and meanings beyond the literal language may not be entertained nor may vagueness become a reason for broadening a penal statute.
Perkins v. State, 576 So.2d 1310, 1312 (Fla. 1991) (citations omitted). The issue presented is whether the word "occupied" modifies both structure and dwelling or just structure.
The state argues that the PRR applies whether the dwelling is occupied or not because section 810.02(3)(a) and (b), Florida Statutes (1997), makes it a second degree felony to burglarize an occupied or unoccupied dwelling. The state reasons that since no distinction is made in section 810.02(3)(a) and (b) as to the penalty that may be imposed for either offense, the only reasonable conclusion that can be drawn is that the legislature intended that the PRR apply whether the dwelling in question was occupied or not.
The state ignores the fact that although both are second degree felonies, there is no requirement under the sentencing guidelines that both crimes receive the same penalty. Nor does the state explain why the legislature did not include burglary of an occupied conveyance as one of the enumerated crimes even though burglary of an occupied conveyance is also a second degree felony.[2] It is not unreasonable to conclude that since the legislature did not deem that burglary of an occupied conveyance was a serious enough offense to warrant inclusion in the PRR, then burglary of an unoccupied dwelling also does not reach the threshold of warranting inclusion in the PRR.
Due process requires that before a defendant such as Huggins can be subjected to a mandatory sentence of fifteen years, instead of the 55-month sentence he received from the trial court, the legislature must clearly and unambiguously provide for such punishment in the PRR. If the legislature did not intend for the word "occupied" to modify dwelling, it could have simply stated: "Burglary of a dwelling or occupied structure." The failure to do so creates an ambiguity which is susceptible to differing constructions. Because of the rule of lenity codified in section *1217 775.021(1), Florida Statutes (1997),[3] we conclude that the word "occupied" found in section 775.082(8)(a)(1)(q) modifies both structure and dwelling. Since Huggins was convicted of burglary of an unoccupied dwelling, we affirm the trial court's decision to sentence Huggins to 55 months in the Department of Corrections instead of the mandatory sentence of fifteen years required under the PRR.
We acknowledge that our decision is in conflict with this court's opinions in Scott v. State, 721 So.2d 1245 (Fla. 4th DCA 1998), State v. Litton, 736 So.2d 91 (Fla. 4th DCA 1999), and Wallace v. State, 738 So.2d 972 (Fla. 4th DCA 1999), and to the extent that they are in conflict, we hereby recede from those decisions. We further note and acknowledge that we are in conflict with the Second District Court of Appeal's decision in State v. White, 736 So.2d 1231 (Fla. 2d DCA 1999), which relies in part on Scott v. State. We certify conflict.
AFFIRMED.
WARNER, C.J., DELL, GUNTHER, STONE, POLEN, FARMER, KLEIN, STEVENSON, SHAHOOD, GROSS and TAYLOR, JJ., concur.
NOTES
[1] The Prison Releasee Reoffender Act provides in pertinent part:

(8)(a) 1. "Prison releasee reoffender" means any defendant who commits, or attempts to commit: ...
q. Burglary of an occupied structure or dwelling; or ...
within 3 years of being released from a state correctional facility operated by the Department of Corrections or a private vendor.
2. If the state attorney determines that a defendant is a prison releasee reoffender as defined in subparagraph 1., the state attorney may seek to have the court sentence the defendant as a prison releasee reoffender. Upon proof from the state attorney that establishes by a preponderance of the evidence that a defendant is a prison releasee reoffender as defined in this section, such defendant is not eligible for sentencing under the sentencing guidelines and must be sentenced as follows:
a. For a felony punishable by life, by a term of imprisonment for life;
b. For a felony of the first degree, by a term of imprisonment of 30 years;
c. For a felony of the second degree, by a term of imprisonment of 15 years; and
d. For a felony of the third degree, by a term of imprisonment of 5 years.
(b) A person sentenced under paragraph (a) shall be released only by expiration of sentence and shall not be eligible for parole, control release, or any form of early release. Any person sentenced under (a) must serve 100 percent of the court-imposed sentence.
§ 775.082(8)(a)-(b), Fla. Stat. (1997). The 1998 amendments to section 775.082 have caused renumbering of the statute and the Prison Releasee Reoffender Act now appears at subsection (9) of the statute. See § 775.082(9), Fla. Stat. (Supp.1998).
[2] § 810.02(3)(d), Fla. Stat. (1997).
[3] The provisions of this code and offenses defined by other statutes shall be strictly construed; when the language is susceptible of differing constructions, it shall be construed most favorably to the accused.