758 So.2d 113 (2000)
Robert F. MEDINA, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-1313.
District Court of Appeal of Florida, Second District.
January 21, 2000.
James Marion Moorman, Public Defender, and William L. Sharwell, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
Robert F. Medina (Medina) appeals his sentence for burglary of a dwelling, which the trial court entered pursuant to the Prison Releasee Reoffender Act (the Act), section 775.082(8), Florida Statutes (1997). Medina raises three issues, none of which has merit.
First, Medina argues that the Act is unconstitutional. Recently, this court addressed all of Medina's constitutional challenges and found the Act constitutional. See Grant v. State, 745 So.2d 519 (Fla. 2d DCA 1999).
Second, Medina argues that the trial court's oral pronouncement of his sentence was not consistent with the written sentence. After reviewing the record, we find the trial court's oral pronouncement consistent with the written sentence.
Third, Medina argues that burglary of an unoccupied dwelling is not a qualifying offense under the Act. Medina points out that the Act lists "burglary of an occupied structure or dwelling" as a qualifying offense. § 775.082(8)(a)1.q., Fla. Stat. (1997). Medina contends that the term "occupied" modifies both structure and dwelling and therefore the only qualifying offense under the Act is burglary of an occupied dwelling. Since the evidence at his trial established that the dwelling he burglarized was unoccupied, Medina contends he should not have been sentenced under the Act.
In Perkins v. State, 682 So.2d 1083, 1084-85 (Fla.1996), the supreme court stated that occupancy is no longer an element of the crime of burglary of a dwelling. By amending the statutory definition of "dwelling" to include any structure or conveyance "designed to be occupied by people," the legislature gave equal protection to all dwellings regardless of their occupancy. Id. at 1084. Since occupancy is no longer an element of the offense of burglary of a dwelling, the jury is no longer asked to determine whether a dwelling is occupied or unoccupied when it determines whether burglary of a dwelling occurred. See Fla. Std. Jury Instr. (Crim.) 195. We fail to see how the occupancy of a dwelling can be an element of the crime for purposes of sentencing when it is not an element of the crime for purposes of conviction. Therefore, we hold that burglary of a dwelling, whether occupied or not, is a qualifying offense under the Act. *114 See State v. Chamberlain, 744 So.2d 1185 (Fla. 2d DCA 1999); State v. White, 736 So.2d 1231, 1232 (Fla. 2d DCA 1999).
We recognize that the Fourth District recently receded from its prior decisions on this issue. See State v. Huggins, 744 So.2d 1215 (Fla. 4th DCA 1999) (en banc). The Fourth District now finds this provision of the Act ambiguous and is interpreting it as Medina suggests. Based on the supreme court's decision in Perkins, we find no ambiguity in this provision of the Act. We, therefore, certify conflict with the Fourth District.
Affirmed.
PARKER, A.C.J., and BLUE and SALCINES, JJ., Concur.