751 So.2d 181 (2000)
Donald W. HUNTER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-2045.
District Court of Appeal of Florida, Second District.
February 11, 2000.
James Marion Moorman, Public Defender, and Douglas Chanco, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ronald Napolitano, *182 Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
Donald W. Hunter appeals a sentence of fifteen years' imprisonment imposed as a prison releasee reoffender for burglary of a dwelling. The dwelling was unoccupied at the time of the offense. We affirm.
Mr. Hunter raises several constitutional challenges to the Prison Releasee Reoffender Act, section 775.082(8), Florida Statutes (1997). However, we have previously upheld the constitutionality of the Act on these grounds. See Grant v. State, 745 So.2d 519 (Fla. 2d DCA 1999).
At trial, Mr. Hunter's counsel argued that burglary of an unoccupied dwelling was not a qualifying offense under the Act. See § 775.082(9)(a)(1)(q) (1997). In Scott v. State, 721 So.2d 1245 (Fla. 4th DCA 1998), the Fourth District held that burglary of an unoccupied dwelling was a qualifying offense. At the time of sentencing, the trial court was bound by and relied upon Scott, and thus rejected this argument. Since that time, the Fourth District has receded from Scott. See State v. Huggins, 744 So.2d 1215 (Fla. 4th DCA 1999) (en banc). Nevertheless, this court continues to hold that the burglary of a dwelling, whether occupied or not, qualifies the defendant for sentencing as a prison releasee reoffender. See Medina v. State, ___ So.2d ___, 2000 WL 44113, No. 2D99-1313 (Fla. 2d DCA Jan. 21, 2000).
Affirmed. As in Medina, we certify conflict with Huggins, 744 So.2d 1215.
ALTENBERND, A.C.J., GREEN and CASANUEVA, JJ., Concur.