751 So.2d 738 (2000)
Ennio FORESTA, Appellant,
v.
STATE of Florida, Appellee.
No. 1D98-3206.
District Court of Appeal of Florida, First District.
February 21, 2000.
Nancy A. Daniels, Public Defender; P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for Appellant.
*739 Robert A. Butterworth, Attorney General; Trisha E. Meggs, Assistant Attorney General, Tallahassee, for Appellee.
LAWRENCE, J.
The appellant, Ennio Foresta (Foresta), was sentenced as a prison releasee reoffender under section 775.082(8), Florida Statutes (1997), to fifteen years in prison for burglary of a dwelling. Foresta challenges section 775.082(8) on various constitutional grounds which have been rejected by this court in Turner v. State, 745 So.2d 351 (Fla. 1st DCA 1999), and Durden v. State, 743 So.2d 77 (Fla. 1st DCA 1999). In accordance with Turner and Durden, we certify the following question to the Florida Supreme Court as one of great public importance:

DOES THE PRISON RELEASEE REOFFENDER PUNISHMENT ACT, CODIFIED AS SECTION 775.082(8), FLORIDA STATUTES (1997), VIOLATE THE SEPARATION OF POWERS CLAUSE OF THE FLORIDA CONSTITUTION?
Foresta also argues that the Prison Releasee Reoffender statute, which authorizes sentencing as a prison releasee reoffender when a defendant is convicted of "burglary of an occupied structure or dwelling[,]" section 775.082(8)(a)1.q, Florida Statutes (1997), should not apply in his case since he was convicted of the crime of burglary of an unoccupied dwelling. The Second District Court of Appeal, in State v. Chamberlain, 744 So.2d 1185 (Fla. 2d DCA 1999), held that "the Prison Releasee Reoffender Act does apply to a sentence for burglary of an unoccupied dwelling." Id. at 1186 (citing State v. White, 736 So.2d 1231 (Fla. 2d DCA 1999)). The Fourth District Court of Appeal, however, in State v. Huggins, 744 So.2d 1215 (Fla. 4th DCA 1999), in an en banc opinion, held that "the PRR section 775.082(8)(a)(1)(q) does not apply to burglary of an unoccupied dwelling." Id. at 1216. The Huggins court expressly receded from its holdings in Scott v. State, 721 So.2d 1245 (Fla. 4th DCA 1998), State v. Litton, 736 So.2d 91 (Fla. 4th DCA 1999), and Wallace v. State, 738 So.2d 972 (Fla. 4th DCA 1999), and acknowledged conflict with the Second District Court of Appeal on this issue.
We agree with the Second District Court of Appeal and hold that the Prison Releasee Reoffender Act applies to a sentence for burglary of an unoccupied dwelling. We also certify conflict with the Fourth District Court of Appeal's decision in Huggins.
AFFIRMED.
BARFIELD, C.J. and BROWNING, J., CONCUR.