753 So.2d 795 (2000)
Nathaniel HEATH, Appellant,
v.
STATE of Florida, Appellee.
No. 1D99-2114.
District Court of Appeal of Florida, First District.
March 31, 2000.
Nancy A. Daniels, Public Defender; Dana M. Drukker, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Charmaine M. Millsaps and Elizabeth Fletcher Duffy, Assistant Attorneys General, Tallahassee, for Appellee.
PER CURIAM.
Appellant raises various constitutional challenges to section 775.082(8), Florida Statutes, all of which this court has rejected in previous opinions. See Chambers v. State, 752 So.2d 64 (Fla. 1st DCA 2000); Turner v. State, 745 So.2d 351 (Fla. 1st DCA 1999), citing Woods v. State, 740 So.2d 20 (Fla. 1st DCA), review granted 740 So.2d 529 (Fla.1999). Consistent with those cases, we affirm as to the constitutional challenges, but certify the following as a matter of great public importance:
DOES THE PRISON RELEASEE REOFFENDER PUNISHMENT ACT, CODIFIED AS SECTION 775.082(8), FLORIDA STATUTES (1997), VIOLATE THE SEPARATION OF POWERS CLAUSE OF THE FLORIDA CONSTITUTION?
Appellant also challenges his sentence on the basis that section 775.082(8), Florida Statutes (1997), does not apply to the offense of burglary of an unoccupied dwelling. See section 775.082(8)(a)1.q, Fla. Stat. (1997). Currently, the Second and Fourth Districts are in conflict with regard to this issue. See Medina v. State, Case No. 2D99-1313, ___ So.2d ___, 2000 WL 44113 (Fla. 2d DCA January 21, 2000), and State v. Huggins, 744 So.2d 1215 (Fla. 4th DCA 1999). Recently, in Foresta v. State, 751 So.2d 738 (Fla. 1st DCA 2000), this court aligned itself with the Second District, ruling that the prison releasee reoffender statute applies to burglary of an unoccupied dwelling. Therefore, we affirm as to this issue, but certify conflict with the Fourth District.
AFFIRMED.
BOOTH, JOANOS and WEBSTER, JJ., Concur.