765 So.2d 309 (2000)
Gregory WHITEN, Appellant/Cross-Appellee,
v.
STATE of Florida, Appellee/Cross-Appellant.
Nos. 5D99-3539 and 5D99-3572.
District Court of Appeal of Florida, Fifth District.
September 8, 2000.
James B. Gibson, Public Defender, and S.C. Van Voorhees, Assistant Public Defender, Daytona Beach, for Appellant/Cross-Appellee.
Robert A. Butterworth, Attorney General, Tallahassee, and Angela D. McCravy, Assistant Attorney General, Daytona Beach, for Appellee/Cross-Appellant.
PLEUS, J.
Gregory Whiten claims the court erred in denying his motion for a mistrial. We find no error and affirm the trial judge's ruling that the prosecutor's statement[1] in closing argument did not bolster the credibility of the police officer. If anything, the statement was harmless error and amounted to little more than rebuttal to defense counsel and his closing argument.
The state has cross-appealed and argues that the trial court erred in finding that the Prison Releasee Reoffender Act ("PRRA") was inapplicable to the crime of burglary of an unoccupied dwelling. Factually, the record clearly establishes the residence was unoccupied at the time of the entry by the defendant. The owners and occupants pulled into the driveway as the defendant was leaving with his loot.
*310 The first and second districts have held that for the PRRA to apply, a dwelling does not have to be occupied at the time of the burglary because occupation is not an element of the offense of burglary of a dwelling. See Medina v. State, 758 So.2d 113 (Fla. 2d DCA), rev. granted, 760 So.2d 947 (Fla.2000); Foresta v. State, 751 So.2d 738 (Fla. 1st DCA), rev. granted, No. SC00-428, 767 So.2d 456 (Fla. May 23, 2000). See also Perkins v. State, 682 So.2d 1083, 1084-85 (Fla.1996). The fourth has held to the contrary. See State v. Huggins, 744 So.2d 1215 (Fla. 4th DCA 1999), rev. granted, 761 So.2d 332 (Fla.2000). The issue is currently before the supreme court.
We agree with the first and second districts and adopt their opinions and rationales for our holding that the dwelling need not be occupied at the time of the burglary.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
HARRIS and SAWAYA, JJ., concur.
NOTES
[1] The prosecutor's statement that the "police are not interested in arresting the wrong person," was rebuttal argument to defense counsel's suggestion that it was not believable that the police officer would have shown the witnesses a photo lineup and not hinted to them which photo they were supposed to pick out.