772 So.2d 35 (2000)
Gregg Eugene GIBSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-4692.
District Court of Appeal of Florida, Second District.
September 22, 2000.
James Marion Moorman, Public Defender, and Joan Fowler, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Dale E. Tarpley, Assistant Attorney General, Tampa, for Appellee.
*36 ALTENBERND, Judge.
Gregg Gibson appeals his prison releasee reoffender sentence for attempted burglary of a dwelling. We reverse.
Mr. Gibson argues, and the State concedes, that Mr. Gibson's sentence of ten years' imprisonment with the first five years to be served as a prison releasee reoffender exceeds the five-year statutory maximum under section 775.082(3)(d), Florida Statutes (1999), for the third-degree felony of attempted burglary of a dwelling.
On remand in cases such as this where correcting the sentence involves a reduction of a negotiated sentence, the original plea bargain is not binding on the State. See Jolly v. State, 392 So.2d 54, 56 (Fla. 5th DCA 1981). In Jolly, the Florida Supreme Court explained:
[I]n a situation involving a reduction of sentence in contravention of the plea bargain, the state should be given the option of either agreeing that both the judgment and sentence should be vacated and taking the defendant to trial on all original charges, or agreeing that only the excessive sentence should be vacated, while having the judgment stand and allowing the defendant to be resentenced....
Id. at 56 (citing North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969)); Adkinson v. State, 743 So.2d 1180, 1181 (Fla. 1st DCA 1999) (vacating similar sentence and giving State options of voiding plea agreement or simply seeking resentencing); Williams v. State, 650 So.2d 1054, 1055 (Fla. 1st DCA 1995) (reversing sentences, giving State option of vacating only illegal portions of sentences but allowing judgments to stand, or vacating both sentences and judgments and proceeding to trial).
Therefore, we direct the trial court on remand to give the State the option of requiring the withdrawal of Mr. Gibson's plea and trying him on the original charge of burglary of a dwelling or allowing the judgment to stand and simply seeking resentencing. See Morales v. State, 712 So.2d 474, 475 (Fla. 2d DCA 1998); Forshee v. State, 579 So.2d 388, 389 (Fla. 2d DCA 1991).
We reject Mr. Gibson's argument that the trial court cannot sentence him as a prison releasee reoffender for attempted burglary of an unoccupied dwelling. He cites State v. Huggins, 744 So.2d 1215 (Fla. 4th DCA 1999) (en banc), review granted, 761 So.2d 332 (Fla.2000), to support his argument. However, Huggins conflicts with this court's precedent. See Medina v. State, 751 So.2d 138 (Fla. 2d DCA) (holding Prison Releasee Reoffender Punishment Act applied where dwelling was unoccupied; certifying conflict with Huggins), review granted, 760 So.2d 947 (Fla.2000); Ramos v. State, 775 So.2d 329 (Fla. 2d DCA 2000) (certifying conflict with Huggins); Hunter v. State, 751 So.2d 181 (Fla. 2d DCA 2000) (certifying conflict with Huggins); State v. Chamberlain, 744 So.2d 1185 (Fla. 2d DCA 1999); State v. White, 736 So.2d 1231 (Fla. 2d DCA 1999).
We note that the First District has also declined to follow Huggins. See Foresta v. State, 751 So.2d 738, 739 (Fla. 1st DCA 2000), review granted, Table, No. SC00-428, 767 So.2d 456 (Fla.2000); State v. Young, 766 So.2d 425, 427 (Fla. 1st DCA Aug.25, 2000); Hicks v. State, 755 So.2d 815, 815 (Fla. 1st DCA 2000); Heath v. State, 753 So.2d 795 (Fla. 1st DCA 2000) (certifying conflict with Huggins).
The trial court on remand should also correct the scrivener's error in Mr. Gibson's original judgment, which cites incorrect statute numbers for burglary and attempt.
Reversed and remanded.
PATTERSON, C.J., and CASANUEVA, J., Concur.