773 So.2d 1222 (2000)
Dax Anthony RODRIGUEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D00-2483.
District Court of Appeal of Florida, Third District.
December 13, 2000.
Dax Anthony Rodriguez, in proper person.
Robert A. Butterworth, Attorney General, and Darien M. Doe, Assistant Attorney General, for appellee.
Before COPE, FLETCHER and RAMIREZ, JJ.
RAMIREZ, J.
The defendant, Dax Anthony Rodriguez, appeals the summary denial of his motion for post-conviction relief filed pursuant to *1223 rule 3.850, Florida Rule of Criminal Procedure, complaining that the judge improperly sentenced him both under the habitual offender statute and under the Prisoner Releasee Reoffender Act, § 775.082(9), Fla. Stat. (Supp.1998)[PRR]. Because the offenses to which Rodriguez pled guilty do not qualify for PRR sentencing, we reverse the trial court's denial of the motion and remand to the trial court for resentencing.
Rodriguez was charged by Information with one count of burglary of an unoccupied dwelling and one count of grand theft. The state correctly concedes error as to the grand theft count, as the maximum he could have received was ten years in prison. See § 775.084(4)(a)(3), Fla. Stat. (Supp.1998)(ten years is the maximum sentence for a third-degree felony for a habitual offender). Grand theft is not an enumerated offense under PRR. The state, however, argues that Rodriguez can be sentenced under PRR under count one. We disagree.
There is a conflict in the districts as to whether burglary of an unoccupied dwelling qualifies for PRR treatment. Section 775.082(8)(a) enumerates "[b]urglary of an occupied structure or dwelling" as applicable for sentencing under PRR. In State v. Huggins, 744 So.2d 1215, 1216-17 (Fla. 4th DCA 1999), rev. granted, 761 So.2d 332 (Fla.2000) the Fourth District unanimously held in its en banc decision that "[b]ecause of the rule of lenity codified in section 775.021(1), Florida Statutes (1997), we conclude that the word `occupied' found in section 775.082(8)(a)(1)(q) modifies both structure and dwelling." Thus, burglary of an unoccupied dwelling is not one of the enumerated offenses and PRR is not applicable to sentencing for a conviction on that charge. We agree with this decision and disagree with State v. Chamberlain, 744 So.2d 1185 (Fla. 2d DCA 1999) and Foresta v. State, 751 So.2d 738 (Fla. 1st DCA), rev. granted, 767 So.2d 456 (Fla.2000). We therefore certify conflict with the Second and First District Courts of Appeal on this point.
It is axiomatic that "`penal statutes must be strictly construed according to their letter.'" McFadden v. State, 737 So.2d 1073, 1074 (Fla.1999) (quoting Perkins v. State, 576 So.2d 1310, 1312 (Fla. 1991)). This is a venerable principle. See, e.g., Ex parte Bailey, 39 Fla. 734, 23 So. 552, 555 (1897) (["W]here a statute of this kind [penal statute] contains such an ambiguity as to leave reasonable doubt of its meaning, where it admits of two constructions, that which operates in favor of life or liberty is to be preferred."). As Judge Hazouri wrote in State v. Huggins, 744 So.2d at 1216, the legislature could easily have stated "burglary of a dwelling or occupied structure." Alternatively, the statute could have enumerated "burglary of an occupied structure or an occupied or unoccupied dwelling." Having failed to do either, we must choose the interpretation most lenient to the defendant.
Reversed and remanded. Direct conflict certified.