SHARP, W., J.
The state appeals from the trial court’s refusal to sentence Clark as a prison re-leasee reoffender because he committed the criminal offense of burglary of an unoccupied, dwelling. The state asks this court to agree with the first and second district courts of appeal[1] that burglary of *978 a dwelling, whether or not occupied, is a qualifying offense under the Prison Re-leasee Reoffender Act (PRRA). The trial court followed State v. Huggins, 744 So.2d 1215 (Fla. 4th DCA), rev. granted, 761 So.2d 332 (Fla.1999), which held to the contrary. However, after the trial court made its ruling, this court adopted the first and second district’s view.[2]
At issue in these cases is the interpretation of section 775.082(9)(a)(l), Florida Statutes (1999), which lists qualifying offenses under the PRRA. Subsection (q) lists the following as qualifying offenses: “burglary of an occupied structure or dwelling .” Does the adjective “occupied” modify both of the nouns, structure and dwelling, or does it modify only structure? Arguments can be made to support either interpretation based on grammar and logic.
However, the Legislature’s general definition of the crime of burglary of a dwelling does not discriminate between whether or not the dwelling is occupied. § 810.02(3), Fla. Stat. Both are second degree felonies. The statute makes burglary of an occupied structure a second degree felony and burglary of an unoccupied structure a third degree felony. Thus it is logical to interpret the PRRA as picking up the second degree felonies for PRRA sentencing, but not the third degree felony. So “occupied” only modifies “structure.”
Accordingly we reverse, but certify conflict with Huggins.
REVERSED and REMANDED.
HARRIS and GRIFFIN, JJ., concur.

. See Medina v. State, 758 So.2d 113 (Fla. 2d DCA), rev. granted, 760 So.2d 947 (Fla.2000); Foresta v. State, 751 So.2d 738 (Fla. 1st DCA), rev. granted, 767 So.2d 456 (Fla.2000); Hunter v. State, 751 So.2d 181 (Fla. 2d DCA), rev. granted, 767 So.2d 457 (Fla.2000); Medina v. State, 751 So.2d 138 (Fla. 2d DCA), rev. granted, 760 So.2d 947 (Fla.2000); State v. White, 736 So.2d 1231 (Fla. 2d DCA 1999).

. Whiten v. State, 765 So.2d 309 (Fla. 5th DCA 2000).