802 So.2d 276 (2001)
STATE of Florida, Petitioner,
v.
Stanley V. HUGGINS, Respondent.
No. SC99-27.
Supreme Court of Florida.
March 22, 2001.
Rehearing Denied December 14, 2001.
Robert A. Butterworth, Attorney General, Celia Terenzio, Bureau Chief, West Palm Beach, and Daniel P. Hyndman, Assistant Attorney General, West Palm Beach, FL, for Petitioner.
Richard Jorandby, Public Defender, and Karen E. Ehrlich, Assistant Public Defender, Fifteenth Judicial Circuit, West Palm Beach, FL, for Respondent.
QUINCE, J.
We have for review the decision in State v. Huggins, 744 So.2d 1215 (Fla. 4th DCA 1999), which certified conflict with the Second District Court of Appeal's decision in State v. White, 736 So.2d 1231 (Fla. 2d DCA 1999). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. Because the language of section 775.082(8), Florida Statutes (1997), is ambiguous, we approve the decision of the Fourth District Court of Appeal in Huggins, which held that the Prison Releasee Reoffender Act is not applicable to a defendant who is convicted of burglary of an unoccupied dwelling.
Stanley Huggins (Huggins) was charged with burglary of a dwelling. Both Huggins and the State agree that the dwelling was not occupied at the time of the crime. Prior to entry of a plea of guilty to the offense, Huggins sought clarification from the trial court as to whether the Prison *277 Releasee Reoffender Act (PRR), section 775.082(8)(a)(1)(q), Florida Statutes (1997)[1], applied to him. The burglary was committed within three years of his release from prison, and the PRR imposes steep mandatory minimum sentences for commission of certain crimes within three years after the reoffender's release from prison. Had Huggins been sentenced under the PRR, a mandatory fifteen-year sentence would have been imposed. Over the State's objection, the trial court ruled that burglary of an unoccupied dwelling is not one of the enumerated offenses in section 775.082(8), Florida Statutes (1997). The trial court sentenced Huggins to fifty-five months in the Department of Corrections.
The State appealed and argued that the enumerated offense of "burglary of an occupied structure or dwelling" was intended to include burglary of any dwelling whether occupied or not because the word "occupied" modifies only the word "structure." The en banc Fourth District agreed with the trial court and concluded the word occupied modifies both structure and dwelling.[2] In so holding the court certified conflict with the Second District on the same issue of law. We likewise agree with the trial court and approve the decision of the Fourth District holding the PRR inapplicable to burglary of an unoccupied structure and burglary of an unoccupied dwelling.
Both the State and Huggins argue that the language of section 775.082(8)(1)(q) is clear and unambiguous, although they advocate opposite interpretations. We do not agree because the phrase "occupied structure or dwelling" as used in the PRR is susceptible to more than one interpretation. "Ambiguity suggests that reasonable persons can find different meanings in the same language." Forsythe v. Longboat Key Beach Erosion Control Dist., 604 So.2d 452 (Fla.1992). As is evident from the arguments being presented in this case, reasonable persons can find different reasonable meanings in the phrase "occupied structure or dwelling." The ambiguity exists because it is unclear whether the word "occupied" modifies "structure" only or modifies both "structure" and "dwelling."
The State argues that the word "occupied" modifies the word "structure" only, and not both "structure" and "dwelling." If there is any doubt, the State argues, the rules of statutory interpretation require courts to apply the doctrine of nearest antecedent, i.e., that an adjective only modifies the word it is most near. If we were to accept the State's position, we would be required to find that the word "occupied" cannot reasonably be construed *278 to modify both the words "structure" and "dwelling." Phrases constructed like the phrase at issue, however, are commonly construed to mean that the adjective modifies subsequent nouns, for example, "qualified man or woman" and "governmental fine or penalty" mean "qualified man or qualified woman" and "governmental fine or governmental penalty," respectively.
The State also argues that the language of the burglary statute supports its reading of the PRR language. The State asserts that the Legislature never intended that "burglary of a dwelling" be further distinguished by occupied or unoccupied, because in either event the offense levels are the same. The burglary statute provides in pertinent part as follows:
810.02 Burglary.
(1) "Burglary" means entering or remaining in a dwelling, a structure, or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain.
(2) Burglary is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment or as provided in s. 775.082, s. 775.083, or s. 775.084 if, in the course of committing the offense, the offender:
. . . .
(c) Enters an occupied or unoccupied dwelling or structure, and
1. Uses a motor vehicle ... or
2. Causes damage to the dwelling or structure ...
(3) Burglary is a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084, if, in the course of committing the offense, the offender does not make an assault or battery and is not and does not become armed with a dangerous weapon or explosive and the offender enters or remains in a:
(a) Dwelling, and there is another person in the dwelling at the time the offender enters or remains;
(b) Dwelling, and there is not another person in the dwelling at the time the offender enters or remains;
(c) Structure, and there is another person in the structure at the time the offender enters or remains; or
(d) Conveyance, and there is another person in the conveyance at the time the offender enters or remains.
§ 810.02, Fla.Stat. (1997) (emphasis added). While it appears that the Legislature intended the crime of "burglary of a dwelling" not be broken down into occupied or unoccupied for purposes of the classification of the crime, we cannot say it is unreasonable to interpret the PRR, a sentencing statute, to require a different result.
The Legislature has the authority to not only define crimes but to also determine the range of punishment applicable to such crimes. See Sims v. State, 754 So.2d 657 (Fla.2000). For whatever reason, the Legislature when enacting the PRR chose to make that act applicable to a limited number of crimes including "burglary of an occupied structure or dwelling."[3] The list of crimes which qualify for PRR sentencing includes life felonies, first-degree felonies, second-degree felonies, and third-degree felonies. All sexual batteries are included but not lewd and lascivious assault; carjacking is an eligible offense but not grand theft. Thus, it is clear that crimes of the same degree are not *279 necessarily punished in the same manner or to the same extent under the PRR.
The State also argues the burglary statute, section 810.011, Florida Statutes (1997), defines "dwelling," and the definition does not make any distinction between occupied and unoccupied, so no distinction can be made.[4] While this position seems reasonable at first blush, it does not explain the Legislature's distinction in section 810.02(c), Florida Statutes, wherein burglary is deemed a first-degree felony where the offender "enters an occupied or unoccupied dwelling or structure." Clearly in this section, the Legislature intended the word dwelling to be modified by the adjectives "occupied" and "unoccupied." Therefore, to say that the word "occupied" may not logically modify the word "dwelling" belies section 810.02(c). Furthermore, the definition itself, which includes the language "designed to be occupied by people lodging therein at night," carries within it the connotation that while the purpose of a dwelling is occupation by people, a dwelling need not always be occupied.
The defendant argues that the PRR provision clearly applies to burglary of an occupied structure or an occupied dwelling. The defendant further suggests that if the statute is ambiguous, any ambiguity must be resolved in favor of the defendant under the rule of lenity and section 775.021(1), Florida Statutes (1997). Indeed, the same criminal code which contains the PRR outlines certain rules of construction. Section 775.021(1) provides, "The provisions of this code and offenses defined by other statutes shall be strictly construed; when the language is susceptible of differing constructions, it shall be construed most favorably to the accused." This provision of chapter 775 mandates the result reached by both the trial and appellate courts.
Neither the State's nor the defendant's interpretation of the language "occupied structure or dwelling" can be said to be unreasonable. Because we hold that the phrase "occupied structure or dwelling" as used in section 775.082(8)(1)(q) is susceptible to differing constructions, we are bound to construe the language most favorably to the defendant. For that reason, we approve the Fourth District's decision below.
It is so ordered.
SHAW, HARDING and ANSTEAD, JJ., concur.
WELLS, C.J., dissents with an opinion, in which LEWIS, J., concurs.
LEWIS, J., dissents with an opinion, in which WELLS, C.J., concurs.
PARIENTE, J., recused.
WELLS, C.J., dissenting.
I do not agree with the majority's reading of this statute. I find that the Legislature intended, by its deliberate use of the word "or," to have the statute apply both to a dwelling, whether occupied or not, or to an occupied structure. Under this statute, "occupied" modifies "structure," not "dwelling."
*280 Therefore, I would quash the Fourth District and approve decisions on this issue from the Second District in State v. White, 736 So.2d 1231 (Fla. 2d DCA 1999), and cases that followed in that district, the First District in Foresta v. State, 751 So.2d 738 (Fla. 1st DCA), review granted, 767 So.2d 456 (Fla.2000), and the Fifth District in Whiten v. State, 765 So.2d 309 (Fla. 5th DCA 2000).
LEWIS, J., concurs.
LEWIS, J., dissenting
Section 775.082(9)(a)1.q, Florida Statutes, defines a "prison releasee reoffender" as "any defendant who commits, or attempts to commit ... Burglary of an occupied structure or dwelling." My brothers and sisters in the majority reach the conclusion that this definition applies only to defendants convicted of burglaries of occupied dwellings. They do so based upon the premise that, in using the phrase, "burglary of an occupied structure or dwelling," the Legislature has failed to show a clear and specific intent to provide enhanced punishment for burglary of a "dwelling" (which, following the 1982 amendment to section 810.011(2), Florida Statutes, this Court has defined as a structure or conveyance suitable for lodging, irrespective of actual occupancy).[5] If that is correct, then the rule of lenity would, indeed, apply.
However, in my view, the language considered here and purpose of the PRR's ambit are neither ambiguous nor susceptible to differing interpretations. In Perkins, in defining the term "dwelling" as used in the amended burglary statute, we specifically recognized that it was "apparent here that the legislature has extended broad protection to buildings or conveyances of any kind that are designed for human habitation. Hence, an empty house in a neighborhood is extended the same protection as one presently occupied." 682 So.2d at 1085. As observed by the Second District Court of Appeal in Medina v. State, 758 So.2d 113, 113-14 (Fla. 2d DCA 2000), it is incongruous that the Legislature would intend "the occupancy of a dwelling [to] be an element of the crime for purposes of sentencing when it is not an element of the crime for purposes of conviction." Medina, 758 So.2d at 113 ("We fail to see how the occupancy of a dwelling can be an element of the crime for purposes of sentencing when it is not an element of the crime for purposes of conviction. Therefore, we hold that burglary of a dwelling, whether occupied or not, is a qualifying offense under the Act.") (citing State v. Chamberlain, 744 So.2d 1185 (Fla. 2d DCA 1999); State v. White, 736 So.2d 1231, 1232 (Fla. 2d DCA 1999)). A "dwelling" is directly and unmistakably connected with the thought of human habitation as opposed to a structure which falls into a totally different category.
In my view, in addressing this issue, the clear legislative intent reflected in the Act to provide "public safety and protection from violent felony offenders" to the people of this State and its visitors[6] should *281 serve as our guiding polestar. A structure, by definition,[7] is not "designed for human habitation," and, thereforeabsent the qualification that it be "occupied"is not, as a target for criminal activity, highly likely to involve a threat of bodily harm to persons. The same cannot be said, however, about dwellings, where occupancy by persons is specifically contemplated. In my view, there is reason and clear logic to attach "occupied" to "structure" but not to "dwelling."
Thus, while it is reasonable to conclude that, consistent with its legislative intent, the Legislature has limited application of the PRR to defendants convicted of burglaries of "occupied structures," the stated goals of public safety and protection are not similarly furthered if application of the PRR turns upon the serendipitous absence of persons from a target of criminal activity specifically designed for human habitation. Based upon the foregoing, I respectfully dissent.
WELLS, C.J., concurs.
NOTES
[1] The Prison Releasee Reoffender Act provides in pertinent part:

(8)(a)1. "Prison releasee reoffender" means any defendant who commits, or attempts to commit: ...
q. Burglary of an occupied structure or dwelling; or ... within three years of being released from a state correctional facility operated by the Department of Corrections or a private vendor.
2. If the state attorney determines that a defendant is a prison releasee reoffender as defined in subparagraph 1., the state attorney may seek to have the court sentence the defendant as a prison releasee reoffender. Upon proof from the state attorney that establishes by a preponderance of the evidence that a defendant is a prison releasee reoffender as defined in this section, such defendant is not eligible for sentencing under the sentencing guidelines and must be sentenced as follows: ...
c. For a felony of the second degree, by a term of imprisonment of 15 years; ...
[2] The Fourth District receded from its own prior opinions in Scott v. State, 721 So.2d 1245 (Fla. 4th DCA 1998); State v. Litton, 736 So.2d 91 (Fla. 4th DCA 1999); and Wallace v. State, 738 So.2d 972 (Fla. 4th DCA 1999).
[3] Included among the list of offenses eligible for sentencing under the PRR is armed burglary, i.e., burglary with a dangerous weapon or explosive.
[4] Section 810.011, Florida Statutes (1997), provides in pertinent part as follows:

810.011 Definitions.As used in this chapter:
. . . .
(2) "Dwelling" means a building or conveyance of any kind, including any attached porch, whether such building or conveyance is temporary or permanent, mobile or immobile, which has a roof over it and is designed to be occupied by people lodging therein at night, together with the curtilage thereof.
[5] See Perkins v. State, 682 So.2d 1083, 1084 (Fla.1996) (citing Perkins v. State, 630 So.2d 1180, 1181-82 (Fla. 1st DCA 1994)).
[6] As we observed in State v. Cotton, 769 So.2d 345, 355 (Fla.2000):

In passing the Act, the Legislature found that (1) recent court decisions have mandated the early release of violent felony offenders; (2) the people of the State and its visitors deserve public safety and protection from violent felony offenders who have previously been sentenced to prison and who continue to prey on society by reoffending; and (3) "the best deterrent to prevent prison releasees from committing future crimes is to require that any releasee who commits new serious felonies must be sentenced to the maximum term of incarceration allowed by law, and must serve 100 percent of the court-imposed sentence."
Although the felonies enumerated in the Act are not entirely coextensive with those set forth in the habitual felony offender statute, section 775.084, Florida Statutes (1997), there is considerable overlap. The additional felonies included in the Acttreason, carjacking, home-invasion robbery, aircraft piracy, burglary of an occupied structure or dwelling, committing criminal offenses with a weapon, committing criminal offenses involving the use or threat of physical force or violence against another, engaging in lewd sexual assaults upon children, abusing or neglecting children, and engaging in activities involving sexual performance by a childare all crimes which have significant potential to compromise the victim's personal safety. It is apparent, reading the "Whereas" clauses accompanying the Act, that this is the type of "predatory" behavior which the legislators were endeavoring to curtail.
(Emphasis supplied.)
[7] Pursuant to section 810.011(1), Florida Statutes, "structure" means "a building of any kind, either temporary or permanent, which has a roof over it, together with the curtilage thereof."