THOMPSON, C.J.
George Brinson entered pleas of nolo contendere to burglary of a dwelling and dealing in stolen property. The trial court sentenced him as a Prison Releasee Reof-fender (“PRR”) pursuant to section 775.082(9)(a)l.q., Florida Statutes (1999), to 15 years concurrently on the two charges. Brinson contends on appeal that PRR sentencing is not applicable in cases involving burglary of an unoccupied dwelling. We agree and reverse the sentences.
The state concedes that the dwelling was unoccupied at the time of the burglary. Further, the State concedes that Brin-son preserved his argument that PRR sentencing does not apply to a case involving the burglary of an unoccupied dwelling. At the time the state appealed, there was a conflict among the First, Second, and Fourth District Courts of Appeal whether PRR applied to burglary of an unoccupied dwelling. See Heath v. State, 753 So.2d 795 (Fla. 1st DCA 2000); Medina v. State, *534 751 So.2d 138, 139 (Fla. 2d DCA) review granted 760 So.2d 947 (Fla.2000); Hunter v. State, 751 So.2d 181 (Fla. 2d DCA) review granted, 767 So.2d 457 (Fla.2000); State v. Huggins, 744 So.2d 1215 (Fla. 4th DCA 1999) review granted, 761 So.2d 332 (Fla.2000). See also Whiten v. State, 765 So.2d 309 (Fla. 5th DCA 2000). Since Brinson filed this appeal, the Florida Supreme Court held in State v. Huggins, 26 Fla. L. Weekly S174, — So.2d -, 2001 WL 278107 (Fla. March 22, 2001), that the PRR is not applicable to a defendant convicted of burglary of an unoccupied dwelling. Accordingly, we remand for resen-tencing.
REVERSED and REMANDED.
COBB and PLEUS, JJ., concur.