ON MOTION FOR REHEARING
PER CURIAM.
Appellant seeks rehearing of our opinion in Wilcox v. State, 26 Fla. L. Weekly D759 (Fla. 1st DCA March 15, 2001). We grant the motion for rehearing, withdraw our previous opinion, and substitute the following revised opinion.
Appellant, Maurice M. Wilcox, seeks review of his conviction and sentence for burglary of a dwelling and challenges the constitutionality of the Prison Releasee Reoffender Punishment Act, section 775.082, Florida Statutes (1999), contending that the act violates the separation of powers clause and that his conviction for burglary of an unoccupied dwelling does not statutorily qualify for PRR sentencing. The Supreme Court of Florida has addressed both issues and we accordingly affirm in part and reverse in part.
As to appellant’s first challenge to the constitutionality of the Prison Releasee Reoffender Punishment Act, the Florida Supreme Court has held that the act is “not unconstitutional on its face as viola-tive of separation of powers principles.” State v. Cotton, 769 So.2d 345, 354 (Fla. 2000). As to the second challenge to the act, the Florida Supreme Court recently approved the Fourth District’s decision in State v. Huggins, 744 So.2d 1215 (Fla. 4th DCA 1999), holding that the Prison Re-leasee Reoffender Act does not apply to the crime of burglary of an unoccupied dwelling. See State v. Huggins, 26 Fla. L. Weekly S174, — So.2d -, 2001 WL 278107 (Fla. March 22, 2001). Therefore, we reverse his sentence in part, to the extent .that the trial court sentenced him as a prison releasee reoffender for the crime of burglary of an unoccupied dwelling; and remand to the trial court for further proceedings consistent with this opinion. Finding no other reversible er *346 ror, we affirm appellant’s conviction without discussion.
AFFIRMED in part, REVERSED in part, and REMANDED.
DAVIS, PADOVANO and BROWNING, JJ., concur.