W. SHARP, J.
The state appeals from an order rendered by the trial court on August 16, 2000, which concluded that section 775.082, the Prison Releasee Reoffender Act (PRR) could not be used to enhance a sentence for the offense of burglary of an unoccupied dwelling. We affirm.
The question of whether or not the PRR applies to burglaries of unoccupied dwellings was argued to the trial court below, and it specifically ruled that the PRR should not be used to enhance that crime. Thus, this issue was preserved for appeal, and we find the notice of appeal which mentions only the order, and fails to mention the sentence, is adequate to establish appellate jurisdiction. See Price v. Horton, 76 Fla. 537, 80 So. 305 (Fla.1918); Westfield Ins. Co. v. Sloan, 671 So.2d 881 (Fla. 5th DCA 1996).
The appellate courts were divided on the resolution of whether the PRR could be used to enhance a sentence for burglary of an unoccupied dwelling. See Whiten v. State, 765 So.2d 309 (Fla. 5th DCA 2000); Foresta v. State, 751 So.2d 738 (Fla.App. 1st DCA 2000), review granted, 767 So.2d 456 (Fla.2000); State v. Huggins, 744 So.2d 1215 (Fla. 4th DCA 1999); State v. White, 736 So.2d 1231 (Fla. 2d DCA 1999). But the Florida Supreme Court has resolved the conflict in favor of disallowing the application of the PRR to the crime of burglary of an unoccupied dwelling because the statute is ambiguous. State v. Huggins, 26 Fla. L. Weekly S174, — So.2d -, 2001 WL 278107 (Fla. March 22, 2001). The ball is now in the Legislature’s court to clarify whether or not, that was its intent.
AFFIRMED.
PLEUS and PALMER, JJ., concur.