SALCINES, Judge.
James Hakkenberg appeals from his prison releasee reoffender sentences in two separate cases, each involving the offense of burglary of an unoccupied dwelling.[1] Because Hakkenberg was improperly sentenced as a prison releasee reoffender for burglary of an unoccupied dwelling, we reverse and remand for re-sentencing. See State v. Huggins, 26 Fla. L. Weekly S174, — So.2d -, 2001 WL 278107 (Fla. Mar. 22, 2001).
Finally, the notice of appeal filed with this court included a third case which involved the sentences Hakkenberg received upon the entry of his plea of nolo conten-dere for a violation of probation for the offenses of attempted burglary and possession of burglary tools.[2] Hakkenberg did not present any argument on appeal concerning that third case. However, we note *39 that prison releasee reoffender sentences were not imposed in that matter. Thus, those sentences are unaffected by this' court’s determination that the prison re-leasee reoffender sentences must be reversed as to Hakkenberg’s convictions for burglary of an unoccupied dwelling.
Reversed and remanded for resentenc-ing.
CASANUEVA, A.C.J., and STRINGER, J., concur.

. Trial court case numbers 98-13627CF-A and 98-13721CF-A.

. Trial court case number 94-2039-F.