QUINCE, J.
We have for review the decision in Hunter v. State, 751 So.2d 181 (Fla. 2d DCA 2000), which certified conflict -with the decision in State v. Huggins, 744 So.2d 1215 (Fla. 4th DCA 1999), approved, 802 So.2d 276 (Fla.2001). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.
With regard to the issue of whether burglary of a dwelling, whether occupied or not, qualifies Hunter for sentencing as a prison releasee reoffender, we vacate the decision of the Second District Court of Appeal and remand for reconsideration upon application of our decision in State v. Huggins, 802 So.2d 276 (Fla.2001).
Hunter also raises other constitutional challenges to the Prison Releasee Reoffen-der Punishment Act (PRRP), specifically, that the PRRP violates prohibitions against double jeopardy and cruel and unusual punishment. The Second District denied these claims, citing Grant v. State, 745 So.2d 519 (Fla. 2d DCA 1999), approved in part and quashed in part, 770 So.2d 655 (Fla.2000). As to these constitutional claims, we approve the decision of the Second District based on our decisions in Grant v. State, 770 So.2d 655 (Fla.2000), and State v. Cotton, 769 So.2d 345 (Fla.2000).
It is so ordered.
SHAW, HARDING, ANSTEAD, and PARIENTE, JJ., concur.
LEWIS, J., concurs in part and dissents in part with an opinion, in which WELLS, C.J., concurs.