ON REMAND FROM THE SUPREME COURT OF FLORIDA

PER CURIAM.
In Gibson v. State, 772 So.2d 35 (Fla. 2d DCA 2000), we reversed Gregg Eugene Gibson’s sentence and remanded for further proceedings. In that opinion we expressly declined to follow the Fourth District’s opinion in State v. Huggins, 744 So.2d 1215 (Fla. 4th DCA 1999), because *261 Huggins conflicted with established precedent from this court.
Thereafter, Mr. Gibson sought review in the supreme court while his case was remanded to the trial court for further proceedings. The supreme court approved the Fourth District’s decision in State v. Huggins, 802 So.2d 276 (Fla.2001), and issued an unpublished order vacating our opinion in Mr. Gibson’s case.
On remand to this court, the parties were requested to provide information on the status of Mr. Gibson’s case in the trial court and the nature of the relief we would need to order at this time. The parties both agree that Mr. Gibson was resen-tenced on September 20, 2001, after the supreme court’s opinion in Huggins was issued, and that his new sentence complies with Huggins.
In order to permit Mr. Gibson’s current sentence to remain intact, this court reinstates its earlier opinion reversing his initial sentence. In so doing, we expressly adopt the supreme court’s opinion in Huggins.
Thus, we reverse the sentence imposed in October 1999, but the trial court is not required to take any action on remand in light of the sentence entered on September 20, 2001.
Reversed.
ALTENBERND, WHATLEY, and CASANUEVA, JJ., Concur.