SALCINES, Judge.
Allen Paul Edwards challenges the order of the trial court summarily denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Edwards raises four grounds for relief. We affirm without comment three of his claims, reverse the remaining claim, and remand.
In 2000, Edwards was convicted of four counts of burglary of a dwelling and was sentenced as a prison releasee reoffender to consecutive terms of fifteen years in prison. This court affirmed his convictions and sentences without prejudice to his filing a postconviction motion alleging ineffective assistance of counsel because counsel failed to preserve several issues for review. Edwards v. State, 788 So.2d 1108 (Fla. 2d DCA 2001). In 2002, Edwards filed a petition for writ of habeas corpus which was treated as a petition alleging ineffective assistance of appellate counsel. This court denied the petition in an order which stated the following:
As the State properly acknowledges, petitioner’s prison releasee reoffender sentences for multiple counts of burglary of an unoccupied dwelling are illegal under State v. Huggins, 802 So.2d 276 (Fla.2001). Petitioner is therefore entitled to be resentenced on all four burglary con *649 victions. However the error has never been raised in the trial court. We therefore conclude that the proper method for petitioner to obtain relief is by motion to correct illegal sentence filed in the trial court pursuant to Florida Rule of Criminal Procedure 3.800(a).
Edwards claims that he filed such a motion in the trial court, but he concedes that he may have mailed it to the wrong address as he has never received anything from the trial court. On May 6, 2003, he filed this motion pursuant to rule 3.850.
Edwards now alleges that his sentences are illegal under Huggins because the Prison Releasee Reoffender statute did not allow enhancement when the dwelling was unoccupied, as in this case. The trial court denied relief stating “the written sentences do not indicate that they were imposed pursuant to the provisions of the prison releasee reoffender statute and the fifteen year sentence was not a departure sentence pursuant to the applicable provision of the criminal punishment code, section 921.002(g), Fla. Stat. (1999).” The transcript of the sentencing proceeding indicates that this is not correct and reveals that prison releasee reoffender sentences were imposed.
Because Edwards was sentenced as a prison releasee reoffender for the burglaries of unoccupied dwellings, his sentences as a prison releasee reoffender are illegal. See State v. Huggins, 802 So.2d 276 (Fla.2001). Accordingly, we reverse the order of the trial court and remand for resen-tencing pursuant to Huggins.
Affirmed in part, reversed in part, and remanded with instructions.
STRINGER and KELLY, JJ„ Concur.