965 So.2d 1177 (2007)
David R. REIDY, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-1250.
District Court of Appeal of Florida, Fifth District.
August 24, 2007.
Rehearing Denied October 10, 2007.
James S. Purdy, Public Defender, and Noel A. Pelella, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Carlos A. Ivanor, Jr., Assistant Attorney General, Daytona Beach, for Appellee.
GRIFFIN, J.
Appellant, David Reidy ["Reidy"], appeals his criminal convictions and sentences rendered after a jury found him guilty of burglary of an occupied structure and possession of cannabis. One of the several issues he raises on appeal merits discussion.
The incident that led to the criminal charges occurred at Aquatech Marine Sales and Service, a business located in Palm Bay. Police received information from an undisclosed source that a burglary would occur at the marine store. With the owner's permission, officers set up a "stake out" on the premises, with some officers located inside and some outside *1178 adjacent to the building. Shortly after midnight, Reidy entered the building through an unlocked door and walked toward the sales counter where the cash register was located. Almost immediately, Reidy was apprehended and charged.
Reidy was tried and found guilty. At his sentencing hearing, Reidy's counsel unsuccessfully argued that Reidy should not have been convicted of burglary of an occupied structure because the only occupants were law enforcement. The trial court disagreed and sentenced him as a prison releasee reoffender to fifteen years in prison. On appeal, Reidy contends he should not have been convicted of burglary of an "occupied structure."[1]
The Legislature has the authority to define crimes and to determine the range of punishment applicable to such crimes. See Sims v. State, 754 So.2d 657 (Fla.2000). Section 810.02(3), Florida Statutes (2004), provides:
(3) Burglary is a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084, if, in the course of committing the offense, the offender does not make an assault or battery and is not and does not become armed with a dangerous weapon or explosive, and the offender enters or remains in a:
. . . .
(c) Structure, and there is another person in the structure at the time the offender enters or remains; or
(d) Conveyance, and there is another person in the conveyance at the time the offender enters or remains.
(Emphasis added). The language of the statute could not be more clear. It is undisputed that there was "another person" in the structure at the time Reidy entered; therefore, he was properly convicted of the second-degree felony.[2]
AFFIRMED.
PLEUS and LAWSON, JJ., concur.
NOTES
[1] § 810.02(3)(c), Fla. Stat. (2004).
[2] Perhaps a more interesting question, though one not raised here, is whether the predicate for sentencing under the prison releasee statute was met on these facts. As was noted by the Supreme Court in State v. Huggins, 802 So.2d 276, 278 (Fla.2001), there is a certain lack of symmetry between the description of the degree variant offenses under the burglary statute and those listed under the "prisoner releasee reoffender" ["PRR"] statute, section 775.082(9), Florida Statutes (2004). For purposes of the PRR statute, the qualifying offense is described as "burglary of a dwelling or burglary of an occupied structure." § 775.082(9)(a)(1.)(q), Fla. Stat. (2004). The words "occupy" "occupant" and "occupied" may connote more than a transitory relationship between the structure and the person located within the structure. See § 810.02, Fla. Stat. (2004). See also BLACK'S LAW DICTIONARY 1078 (6th ed.1990).