PER CURIAM.
Our original decision in this case, Heath v. State, 753 So.2d 795 (Fla. 1st DCA 2000), was reviewed by the supreme court on a certified conflict concerning the applicability of the Prison Releasee Reoffender Punishment Act (Act) to the offense of burglary of an unoccupied dwelling and also on a certified question concerning a constitutional challenge to the Act. The supreme court affirmed this Court’s holding in this case that the Prison Releasee Reoffender Punishment Act (Act) does not violate the separation of powers clause of the Florida Constitution. However, the supreme court remanded appellant’s challenge to his sentence for burglary of an unoccupied dwelling under the Act for our reconsideration in light of State v. Huggins, 802 So.2d 276 (Fla.2001). In Huggins, the court held that burglary of an unoccupied dwelling is not subject to the Act. Therefore, in light of Huggins, appellant was improperly sentenced as a prison releasee reoffender.
Accordingly, we withdraw our March 31, 2000, opinion in this case, affirm appellant’s conviction, vacate the prison releasee reoffender sentence, and remand for re-sentencing.
AFFIRMED in part; VACATED in part; and REMANDED for re-sentencing.
BOOTH, WEBSTER, and LEWIS, JJ., concur.