593 So.2d 1134 (1992)
Richard L. DUGGER, Secretary, Department of Corrections, Appellant,
v.
Stanley Steven ANDERSON, Appellee.
No. 90-3386.
District Court of Appeal of Florida, First District.
February 7, 1992.
Elaine D. Hall, Asst. Gen. Counsel of the Dept. of Corrections, Tallahassee, for appellant.
No appearance by appellee.
PER CURIAM.
The appellant, as Secretary of the Department of Corrections (the department), appeals an order establishing that the appellee is eligible for provisional credits under section 944.277, Florida Statutes, on a sentence which precedes a habitual offender sentence.[1] We conclude that the lower court properly construed the statute in determining that the appellee is eligible for provisional credits.
The appellee received a 30-month sentence in case no. 81-4875. He subsequently received a five-year sentence as a habitual offender in case no. 88-11520. The habitual offender sentence is consecutive to the appellee's earlier sentence. The department established the appellee's maximum release date, and a tentative release date with basic and additional gain time. However, the department declined to allow any provisional credits to be used in the release date computations, relying on the exception in section 944.277(1)(g) for an inmate who "is sentenced" as a habitual offender.
Section 944.277 creates a system of provisional credits but excepts, at subsection (1)(g), an inmate who:
Is sentenced, or has previously been sentenced, under s. 775.084, or has been sentenced at any time in another jurisdiction as a habitual offender.
The statute imposes a temporal requirement with regard to the habitual offender exception. Section 944.277(1)(g) applies if an inmate "is ... or has previously been sentenced" as a habitual offender in Florida (under section 775.084, Florida Statutes). This language contrasts with the reference to an inmate who has been sentenced "at any time" as a habitual offender in another jurisdiction. Because the appellee's sentence in case no. 81-4875 was imposed *1135 prior to the habitual offender sentence in case no. 88-11520, it is not within the temporal sequence suggested by the statutory language.
The order is affirmed.
ZEHMER, BARFIELD and ALLEN, JJ., concur.
NOTES
[1] This court has considered, on its own motion, the question of its jurisdiction to entertain this appeal. Although the appellee sought a writ of mandamus as the petitioner below, the appealed order indicates that the lower tribunal was confident that the appellant, as the respondent below, would comply with the directives of the order. The formal issuance of the writ was therefore withheld. We regard this language as surplusage, and recognize that the issuance of the writ was withheld as a courtesy to the respondent, as the head of an agency of the executive branch of state government. The lower tribunal expected its order to be an end to the judicial labor in the cause and we find it to be sufficiently final for us to review it under the authority of article V, section 4(b)(1) of the Florida Constitution and Florida Rule of Appellate Procedure 9.030(b)(1)(A).