ALTENBERND, Judge.
Jason McBride appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm.
In March 1991, Mr. McBride pleaded guilty in the Sixth Judicial Circuit (Pinellas County) to burglary of a conveyance. He received a five-year sentence and was classified as a habitual offender. At that time, he was incarcerated on several sentences from the Eighteenth Judicial Circuit (Bre-vard County). He had apparently received a total of twenty years’ incarceration for these prior offenses. The Brevard County sentences, however, were not classified as habitual offender sentences.
In his motion, appellant alleges that his plea in the Pinellas County case was induced by misrepresentations of his counsel. He claims that his counsel promised him that basic gain-time, provisional credits and the control release date on the Brevard County sentences would not be affected by the habitual offender sentence imposed in the Pinellas case. Because of a letter from the Florida Parole Commission, appellant is convinced that he inadvertently lost gain-time and an opportunity for a control release date on the twenty-year sentence by pleading to the five-year habitual offender sentence. With the benefit of gain-time and provisional credits, the twenty-year sentence could be served in about the same time required to serve the five-year habitual offender sentence. Without such credits, the twenty-year sentence could be substantially longer.
The trial court summarily denied the appellant’s motion and explained that gain-time on the Brevard County sentences would be unaffected by the habitual offender sentence in the Pinellas case. The trial court correctly concluded, however, that appellant would not be released from prison when he finished the Brevard County sentences unless he had also fully served the additional habitual offender sentence. Thus, the appellant’s motion was denied because the representations he received from counsel were correct.
The appellant is entitled only to limited gain-time on the Pinellas County habitual offender sentence. § 775.084(4)(e), Fla. Stat. (1991). That sentence, however, does not alter his ability to earn gain-time on the earlier imposed sentences.[1] Any gain-time granted and not forfeited on the Brevard County sentences, earned in the past or in the future, is not affected by the later imposed habitual offender sentence. See § 944.275(3)(b), Fla.Stat. (1991). The plea and sentence in the Pinellas County case are not acts that should have resulted in a forfeiture of gain-time. See § 944.28, Fla. Stat. (1991).
As to the representations concerning the provisional credits and control release date, appellant has been confused because the letter written to him by the Florida Parole Commission is not completely responsive to his concerns.[2] In the letter, *1337 the commission cites Florida Administrative Code Rule 23-22.008(3)(a)(7) as authority rendering appellant ineligible for control release because he is sentenced as a habitual offender. He is concerned about a control release date for the Brevard County sentences, but we read the letter to refer to his Pinellas County case. The fact that he has received the additional habitual offender sentence necessarily prevents him from being released until he serves the additional sentence. It does not render him ineligible for a control release date on the Brevard County offenses because it is possible that the control release date on those offenses will occur after he has completed his sentence on the Pinellas County case.
Florida Administrative Code Rule 23-22.-008(3)(a)7., regarding “Control Release Eligibility,” provides:
(a) ... All parole ineligible inmates in the custody of the department shall be eligible for control release except any inmate who:
7. Is sentenced, or has previously been sentenced under section 775.084, or has been sentenced at any time in another jurisdiction as a habitual offender....
The language in subsection 7 has been construed under a related statute, section 944.-277(1)(g), which deals with eligibility for provisional credits. See Dugger v. Anderson, 593 So.2d 1134 (Fla. 1st DCA 1992). There, the court found that the language of subsection 7 imposed “a temporal requirement on the habitual offender exception.” 593 So.2d at 1134. The court held that the prisoner was eligible for provisional credits on a sentence that preceded a habitual offender sentence. The same is true concerning a conditional release date. Thus, the appellant is eligible both for provisional credits on the Brevard County sentences and for a conditional release date on those sentences unless those charges otherwise fall within an exception listed in section 944.277(1). We therefore conclude that appellant’s allegations with respect to misrepresentations concerning provisional credits and the control release date do not entitle him to relief in the trial court.
Affirmed.
FRANK, A.C.J., and PARKER, J., concur.

. With respect to basic gain-time, the Department of Corrections must grant the prisoner ten days per month in determining the expiration of sentence date. § 944.275, Fla.Stat. (1991). Thus, appellant should have already been given credit for basic gain-time on the Brevard County sentences.

. The members of the Florida Parole Commission comprise the Control Release Authority which is responsible for determining the number and type of inmates who must be released under control release to maintain the state prison system within the statutory lawful capacity. *1337 § 947.146, Fla.Stat. (1991); Fla.Admin.Code Rule 23-22.0006(5).