619 So.2d 36 (1993)
Richard MAMONE, Appellant,
v.
Don M. DEAN, Superintendent, Lake Correctional Institution and Harry K. Singletary, Secretary, Florida Department of Corrections, Appellees.
No. 92-2178.
District Court of Appeal of Florida, Fifth District.
June 11, 1993.
Richard Mamone, pro se.
Susan A. Maher, Deputy General Counsel, Dept. of Corrections, Tallahassee, for appellees.
COBB, Judge.
The issue on this appeal is whether the appellant, Mamone, was wrongfully denied retroactive provisional credits for gain-time by the Department of Corrections in respect to a portion of his prison sentence. He is serving an overall term of 13 1/2 years comprised of a 3 1/2-year term followed by a 10-year habitualized term.
Based upon the case of Dugger v. Anderson, 593 So.2d 1134 (Fla. 1st DCA 1992), Mamone contends he is entitled to the credit against the 3 1/2-year term. We disagree. After Anderson (and, indeed, because of it), the Florida Legislature remedied the language of section 944.277(1)(g), Florida Statutes, to show its clear intent that an inmate is precluded from receiving provisional credits once sentenced as a habitual offender.
We find no merit in the appellant's other arguments. In the recent opinion of Dugger v. Grant, 610 So.2d 428 (Fla. 1992), the supreme court ruled that Florida's early release mechanisms, including the provisional credits statute, do not create protected liberty interests. In Dugger v. Rodrick, 584 So.2d 2 (Fla. 1991), cert. denied, ___ U.S. ___, 112 S.Ct. 886, 116 L.Ed.2d 790 (1992), the Supreme Court specifically ruled that changes to Florida's early release statute do not violate the ex post facto clause because the statutes do not affect substantive matters of punishment, but are merely administrative procedural mechanisms for controlling prison overcrowding.
AFFIRMED.
DAUKSCH and PETERSON, JJ., concur.