PER CURIAM.
This case is before the court on a petition for writ of certiorari, following the denial of Jason McBride’s habeas petition below. McBride,, an inmate in the custody of the Department of Corrections, argues that he is entitled to early release credits on a twenty-year sentence he is serving for crimes committed in Brevard County. We conclude that he is not entitled to such credits under the controlling statute, because he was sentenced as a habitual offender in another case. Therefore, we deny the petition.
In his habeas petition below, McBride argued that he was entitled to provisional early release credits on the twenty-year sentence he was serving. The trial court denied the petition, ruling that his subsequent habitual offender sentence in another case disqualified him from receiving provisional credits on any of his other sentences.
Section 944.277(l)(g), Florida Statutes (1989), states that an inmate is ineligible for provisional credits if that inmate “[i]s sentenced, or has previously been sentenced, under s. 775.084, or has been sentenced at any. time in another jurisdiction as a habitual offender.” However, this section was modified in 1992 to make it clear that provisional release credits may not be awarded to any inmate who “[i]s sentenced, or has previously been sentenced, or has been sentenced at any time under s. 775.084, or has been sentenced at any time in another jurisdiction as a habitual offender.”[1] (emphasis supplied).
McBride contends that he remains eligible for provisional credits on the original sentence despite his habitual offender status, because the habitual offender sentence was not imposed until after he had begun serving the original sentence. He relies on Dugger v. Anderson, 593 So.2d 1134 (Fla. 1st DCA 1992), in which this court held that, under section 944.277(l)(g), the defendant’s habitual offender status did not adversely affect his right to provisional credits on an earlier imposed sentence. We reasoned that, “because the appellee’s [original sentence] was imposed prior to [his habitual offender sentence], it is not within the temporal sequence suggested by the statutory language.” Anderson, 593 So.2d at 1134-1135.
Our decision in Anderson is of no benefit to McBride, however, because the 1992 amendment makes it clear that the intent of the prior law was to preclude an award of provisional release credits if the defendant is sentenced as a habitual offender at any time. As the court explained in Mamone v. Dean, 619 So.2d 36 (Fla. 5th DCA 1993), the legislature actually amended section 944.277(1)(g) as a reaction to the Anderson decision and thus “remedied the language of section 944.277(l)(g), Florida Statutes, to show its clear intent that an inmate is precluded from receiving provisional credits once sentenced as a habitual offender.” Mamone at 36.
The decision in Mamone also refutes McBride’s contention that applying *223 the amended statute to prevent him from receiving provisional credits violates the ex post facto clause, because his crimes were committed before the 1992 amendment. The Mamone court disposed of this same argument by citing the decision in Dugger v. Rodrick, 584 So.2d 2 (Fla.1991), cert. denied, 502 U.S. 1037, 112 S.Ct. 886, 116 L.Ed.2d 790 (1992), in which the Florida Supreme Court ruled that changes to the early release statute did not violate the ex post facto clause. This is because the statute is not substantive in nature but merely provides “administrative procedural mechanisms for controlling prison overcrowding.” Mamone at 36.
In summary, since the 1992 amendment merely clarified the intent of the legislature with regard to section 944.277(l)(g), the trial court correctly ruled that the statute has never distinguished between inmates who had habitual offender sentences, regardless of whether imposed before or after the original sentence. On this basis, we deny the petition for writ of certiorari.
Petition denied.
ERVIN, WOLF and PADOVANO, JJ., concur.

. Section 944.277 has since been repealed.