793 So.2d 1042 (2001)
The STATE of Florida, Appellant,
v.
Andres Alexis MIRANDA, Appellee.
No. 3D00-3629.
District Court of Appeal of Florida, Third District.
July 18, 2001.
Rehearing Denied September 12, 2001.
*1043 Robert A. Butterworth, Attorney General, and Linda S. Katz, Assistant Attorney General, for appellant.
Bennett H. Brummer, Public Defender, and Maria E. Lauredo and Carlos Gonzalez, Assistant Public Defenders, for appellee.
Before LEVY and SHEVIN, JJ., and NESBITT, Senior Judge.
NESBITT, Senior Judge.
The State appeals the trial court's decision to sentence the Defendant, Andres Alexis Miranda, as an Habitual Felony Offender rather than as a Prison Releasee Reoffender. The State asserts that the trial court's refusal to impose an enhanced penalty pursuant to the Prison Releasee Reoffender Punishment Act ("PRRPA"), section 775.082(9)(a)(1), Florida Statutes (2000), was erroneous.[1] We disagree. In State v. Huggins, 26 Fla. L. Weekly S174, ___ So.2d ___, 2001 WL 278107 (Fla. Mar. 22, 2001), the Florida Supreme Court held that sentencing under the PRRPA was not applicable to the crime of burglary of an unoccupied dwelling. In the instant case Defendant was convicted of burglary of an unoccupied dwelling; hence, the PRRPA could not be used to enhance the sentence imposed. See Merson v. State, 786 So.2d 1267 (Fla. 3d DCA 2001)(concluding that burglary of an unoccupied dwelling was not an enumerated offense under the PRRPA); See Roundtree v. State, 786 So.2d 679 (Fla. 3d DCA 2001); Cruz-Bertances v. State, 786 So.2d 1202 (Fla. 3d DCA 2001); Rodriguez v. State, 773 So.2d 1222 (Fla. 3d DCA 2000).
*1044 The State characterizes statutory amendments made to section 775.082(9)(a)(1), effective July 1, 2001, as solely a "clarification" of existing law,[2] thus permitting the PRRPA sentencing sought in the instant case. We cannot agree. On the date the crime was committed, it was simply not clear from the statute, as it was in effect at the time, that the burglary of an unoccupied dwelling would subject the defendant to sentencing under the PRRPA. As State v. Smith, 547 So.2d 613 (Fla.1989), makes clear, such statutory changes should not be applied retroactively to increase a defendant's sentence. It is firmly established law that the statutes in effect at the time of commission of a crime control as to the offenses for which the perpetrator can be convicted, as well as the punishments which may be imposed. See also McFadden v. State, 737 So.2d 1073, 1074 (Fla.1999); Perkins v. State, 576 So.2d 1310, 1312 (Fla.1991); Ex parte Bailey, 39 Fla. 734, 23 So. 552, 555 (1897)("[W]here a statute of this kind [penal statute] contains such an ambiguity as to leave reasonable doubt of its meaning, where it admits of two constructions, that which operates in favor of life or liberty is to be preferred.")
Thus we conclude, as did the court in Smith, 547 So.2d at 616, the amended statute, if given retroactive effect, would result in additional punishment for appellant, running afoul of the ex post facto clauses of the state and federal constitutions. See Weaver v. Graham, 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981) (statute reducing gain time credits is ex post facto when applied to a prisoner whose crime was committed before the amendment); Miller v. Florida, 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987)(applying amended sentencing guidelines having effect of increasing sentence for crime committed prior to effective date of amendment violates ex post facto clause).
Accordingly, the order under review is affirmed.
NOTES
[1] While it does not change the result in this case, the State is correct in arguing that the discretion whether to impose a sentence pursuant to the PRRPA belongs to the prosecutor and not the trial court. See State v. Cotton, 769 So.2d 345 (Fla.2000)(concluding that PRRPA, which removes substantially all sentencing discretion from judicial branch and places it instead in executive branch, does not encroach on judiciary's sentencing function in violation of doctrine of separation of powers).
[2] Section 775.082(9)(a), Florida Statutes (2000) provides in part:

1. "Prison releasee reoffender" means any defendant who commits, or attempts to commit:
... q. Burglary of an occupied structure or dwelling;
The statute as amended effective July 1, 2001, reads:
... q. Burglary of a dwelling or occupied structure.
Chapter 2001-39, Laws of Florida.