800 So.2d 298 (2001)
Carlton ROCK, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D00-1096.
District Court of Appeal of Florida, Third District.
October 31, 2001.
Bennett H. Brummer, Public Defender, and Harvey J. Sepler, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Roberta G. Mandel, Assistant Attorney General, for appellee.
Before COPE, GODERICH, and RAMIREZ, JJ.
PER CURIAM.
Carlton Rock appeals his conviction and sentence for burglary of an unoccupied dwelling, arguing that he was improperly sentenced as a Prison Releasee Reoffender *299 pursuant to section 775.082(9)(a)1, Florida Statutes (2000). Because burglary of an unoccupied dwelling does not qualify as a predicate offense for the imposition of a prisoner releasee reoffender sentence, we reverse.
Section 775.082(9)(a)1 enumerates the felonies that serve as a predicate offense for the imposition of a prisoner releasee reoffender sentence. Although burglary of an occupied structure or dwelling is one of the enumerated felonies that qualify as a predicate offense, burglary of an unoccupied structure or dwelling is not. See State v. Huggins, 802 So.2d 276 (Fla.2001)(holding that sentencing under the Prison Releasee Reoffender Punishment Act does not apply to the crime of burglary of an unoccupied dwelling).
The State argues that Huggins should not be relied upon because the decision is not yet final since rehearing is pending before the Florida Supreme Court. Nonetheless, that decision controls until it is altered or overturned.
The State also argues that the 2001 amendment to section 775.082(9)(a)1 indicates the intent of the legislature to include burglary of an unoccupied dwelling or structure as a predicate offense for the imposition of a prisoner releasee reoffender sentence. This argument is likewise unpersuasive. "It is firmly established law that the statutes in effect at the time of commission of a crime control as to the offenses for which the perpetrator can be convicted, as well as the punishments which may be imposed." State v. Miranda, 793 So.2d 1042, 1044 (Fla. 3d DCA 2001)(holding that the Prison Releasee Reoffender Punishment Act could not be used to enhance the sentence imposed where the defendant was convicted of burglary of an unoccupied dwelling). In this case, Rock committed the offenses for which he was charged in 1998. If the amended statute were to be given retroactive effect, this would result in an additional punishment for Rock and would thus run afoul of the ex post facto clauses of the state and federal constitutions. Id.
We therefore reverse and remand for resentencing.