874 So.2d 648 (2004)
Clarence W. DOWNS, Petitioner,
v.
James CROSBY, Jr., Secretary, Florida Department of Corrections, Respondent.
No. 2D03-4364.
District Court of Appeal of Florida, Second District.
April 23, 2004.
Rehearing Denied June 8, 2004.
*649 Clarence W. Downs, pro se.
Wendy Benner-Leon, Assistant General Counsel, Department of Corrections, Tallahassee, for Respondent.
STRINGER, Judge.
Clarence W. Downs seeks certiorari review of the circuit court's order denying Downs' petition for writ of mandamus/habeas corpus. Downs argues that the circuit court failed to apply the correct law in determining that the Department of Corrections ("the Department") properly denied his petition for provisional credits.
Because the circuit court erroneously relied on the amended version of the applicable statute concerning provisional credits, we grant the petition.
Certiorari review of a trial court's order denying petition for writ of mandamus or habeas corpus is a "second tier" certiorari review when the petition is sought to appeal an administrative order. Mabrey v. Fla. Parole Comm'n, 858 So.2d 1176, 1181 (Fla. 2d DCA 2003) (habeas corpus); Sheley v. Fla. Parole Comm'n, 703 So.2d 1202, 1206 (Fla. 1st DCA 1997) *650 (mandamus), approved, 720 So.2d 216 (Fla. 1998). On second tier certiorari review, this court is limited to determining whether the circuit court afforded the petitioner procedural due process and applied the correct law. Mabrey, 858 So.2d at 1181 (citing Miami-Dade County v. Omnipoint Holdings, Inc., 863 So.2d 195 (Fla.2003)).
In this case, Downs sought provisional credits on two guidelines sentences he received in April 1992. The Department denied Downs' request, finding that a subsequent habitual felony offender sentence rendered Downs ineligible for provisional credits on his guidelines sentences under section 944.277(1)(g), Florida Statutes (1991). The circuit court denied Downs' petition for writ of mandamus/habeas corpus and held that the Department properly denied Downs' claim for provisional credits under section 944.277(1)(g).
Downs argues that the circuit court failed to apply the correct law in determining that he was not entitled to provisional credits on his guidelines sentences. Downs claims that he is entitled to those credits under section 944.277(1)(g), Florida Statutes (1991), as interpreted in Dugger v. Anderson, 593 So.2d 1134 (Fla. 1st DCA 1992), and McBride v. State, 601 So.2d 1335 (Fla. 2d DCA 1992).
Section 944.277(1)(g), Florida Statutes (1991), excludes from eligibility to receive provisional credits an inmate who "[i]s sentenced or has previously been sentenced, under s. 775.084, [habitual offender statute] or has been sentenced at any time in another jurisdiction as a habitual offender." In Anderson, the First District held that a defendant who has been sentenced as a habitual felony offender is entitled to provisional credits for any guidelines sentences rendered prior to the habitual felony offender sentence under section 944.277(1)(g). 593 So.2d at 1134. Thus, the Anderson court interpreted section 944.277(1)(g) as imposing "a temporal requirement with regard to the habitual offender exception." Id. This court followed the Anderson court's interpretation of section 944.277(1)(g) to interpret an administrative code rule containing the exact same language in regard to control release eligibility in McBride. 601 So.2d 1335.
In response to the First District's decision in Anderson, the legislature amended section 944.277(1)(g) to provide that provisional credits may not be awarded to any inmate who:
[i]s sentenced, or has previously been sentenced, or has been sentenced at any time under s. 775.084, or has been sentenced at any time in another jurisdiction as a habitual offender.
§ 944.277(1)(g), Fla. Stat. (1993); Ch. 92-310, § 12, at 2967, Laws of Fla. Thus, the legislature has made clear that it did not intend for inmates who are sentenced as habitual felony offenders after they receive guidelines sentences to receive provisional credits. See McBride v. Moore, 780 So.2d 221, 222 (Fla. 1st DCA 2001); Mamone v. Dean, 619 So.2d 36, 36 (Fla. 5th DCA 1993). This amendment has been applied retroactively, and the First and Fifth Districts have held that its retroactive application does not violate the Ex Post Facto Clause. Id. The McBride court held that the amendment impliedly overruled its decision in Anderson, so that Anderson would be "of no benefit" to the defendant. McBride, 780 So.2d at 222. The circuit court's decision in this case is likewise based on the amendment to section 944.277(1)(g) and, thus, presupposes that the amendment impliedly overruled Anderson.
Generally, a court may look to a statutory amendment to determine the intent of the prior version of that statute if the amendment "is enacted soon after controversies as to the interpretation of the *651 original act arise." Lowry v. Parole & Prob. Comm'n, 473 So.2d 1248, 1250 (Fla. 1985). However, the amendment may not be considered to impliedly overrule case law interpreting the statute if the retroactive application of the amendment violates the Ex Post Facto Clause. State v. Smith, 547 So.2d 613, 616 (Fla.1989); State v. Miranda, 793 So.2d 1042, 1044 (Fla. 3d DCA 2001). In evaluating whether a statute violates the Ex Post Facto Clause, the courts must consider (1) whether the law is retrospective, or whether it applies to events that occurred prior to its enactment, and (2) whether it disadvantages the petitioner. Green v. State, 839 So.2d 748, 750 (Fla. 2d DCA), review granted, Franklin v. State, 854 So.2d 659 (Fla.2003).
In Smith, the Florida Supreme Court held that the retroactive application of the legislature's amendment of a statute to clarify the statute's intent in response to Carawan v. State, 515 So.2d 161 (Fla. 1987), would violate the Ex Post Facto Clause. 547 So.2d at 616. The court held:
First, it is a function of the judiciary to declare what the law is. Although legislative amendment of a statute may change the law so that prior judicial decisions are no longer controlling, it does not follow that court decisions interpreting a statute are rendered inapplicable by a subsequent amendment to the statute. Instead, the nature and effect of the court decisions and the statutory amendment must be examined to determine what law may be applicable after the amendment. Secondly, it is firmly established law that the statutes in effect at the time of the commission of a crime control as to the offenses for which the perpetrator can be convicted, as well as the punishments which may be imposed. Finally, the amended statute, if given retroactive effect as urged by the state, would result in additional punishment for appellant, thus running afoul of the ex post facto clauses of the state and federal constitutions.
547 So.2d at 616 (quoting Heath v. State, 532 So.2d 9, 10 (Fla. 1st DCA 1988)) (citations omitted). Thus, the court held that the interpretation of the statute in Carawan controlled for defendants whose crimes were controlled by the prior version of the statute.
In Miranda, the Third District held that the retroactive application of an amendment to section 775.082(9)(a)(1), Florida Statutes, violated the Ex Post Facto Clause. 793 So.2d at 1044. Section 775.082(9)(a)(1) was amended by the legislature in response to the supreme court's decision in State v. Huggins, 802 So.2d 276 (Fla.2001), which interpreted section 775.082(9)(a)(1) to exclude convictions for burglary of an unoccupied dwelling from its sentencing scheme. The amended statute provided for sentencing under section 775.082(9)(a)(1) for burglary of an unoccupied dwelling. Because the retroactive effect of the statute would have been to require enhanced sentencing under section 775.082(9)(a)(1) for the defendant, the court found that a retroactive application of the amended statute would violate the Ex Post Facto Clause. 793 So.2d at 1044; see also State v. Eldredge, 801 So.2d 965, 967 (Fla. 4th DCA 2001) (refusing to apply section 775.082(9)(a)(1) retroactively), review denied, 823 So.2d 126 (Fla.2002).
In this case, the circuit court's holding that the Department appropriately denied Downs' petition for provisional credits is based upon the retroactive application of section 944.277(1)(g), Florida Statutes (1993). The Department relies on the First District's decision in McBride and the Fifth District's decision in Mamone to support its conclusion that the retroactive application of the statute does not violate the Ex Post Facto Clause. See McBride, *652 780 So.2d 221; Mamone, 619 So.2d 36. Downs argues that these decisions are not good law because they relied on the Florida Supreme Court's decision in Dugger v. Rodrick, 584 So.2d 2 (Fla.1991), which has been overruled in Lynce v. Mathis, 519 U.S. 433, 117 S.Ct. 891, 137 L.Ed.2d 63 (1997). In Rodrick, the Florida Supreme Court held that the retroactive application of section 944.277 did not violate the Ex Post Facto Clause because it was procedural and not substantive in nature. 584 So.2d at 2. The court based its conclusion that the statute was procedural on the fact that it dealt with provisional credits based on overcrowding, which is "not directed toward the traditional purposes of punishment." Id. at 4.
In Lynce, the Supreme Court held that a statute that cancelled provisional credits based on overcrowding was subject to ex post facto analysis, 519 U.S. at 449, 117 S.Ct. 891, thus impliedly overruling Rodrick. See Winkler v. Moore, 831 So.2d 63 (Fla.2002) (recognizing implied overruling). Both McBride and Mamone rely on the Rodrick court's impliedly overruled holding in determining that section 944.277(1)(g) is not subject to ex post facto analysis.
Thus, in order to determine whether the amended version of section 944.277(1)(g) applies, we must apply an ex post facto analysis to the retroactive application of section 944.277(1)(g), Florida Statutes (1993). In this case, section 944.277(1)(g), Florida Statutes (1993), is retrospective because it would apply to crimes that occurred prior to its enactment. Additionally, application of this version of section 944.277(1)(g) would disadvantage Downs by precluding him from receiving up to 822 days of provisional credits[1] on his guidelines sentences and thus requiring a longer term of incarceration. Therefore, the circuit court's retroactive application of the amendment to section 944.277(1)(g) violated the Ex Post Facto Clause and was an application of the incorrect law.
We grant Downs' petition for writ of certiorari and quash the circuit court's order with directions for the court to consider Downs' petition in accordance with section 944.277(1)(g), Florida Statutes (1991), as interpreted by Dugger v. Anderson, 593 So.2d 1134 (Fla. 1st DCA 1992).
Petition granted; order quashed.
NORTHCUTT and KELLY, JJ., Concur.
NOTES
[1] See Winkler v. Moore, 831 So.2d 63, 75 (Fla.2002) (holding that inmates who committed their offenses between September 1, 1990, and June 16, 1993, and are otherwise qualified to receive provisional credits under section 944.277, are entitled to 822 days of provisional credits).