883 So.2d 332 (2004)
Jason G. ZOOK, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-327.
District Court of Appeal of Florida, Second District.
September 1, 2004.
*333 SILBERMAN, Judge.
Jason G. Zook appeals the summary denial of his motion for postconviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850, and his motion to correct illegal sentence, filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Zook entered an open plea of guilty in seven cases[1] to a total of six counts of burglary of a conveyance, one count of grand theft of a motor vehicle, one count of third-degree grand theft, one count of burglary of a dwelling, one count of dealing in stolen property, and four counts of petit theft. He was adjudicated guilty and received enhanced sentences as a prison releasee reoffender (PRR).
Zook raised six claims for relief in his rule 3.850 motion, one of which was also encompassed in the claim raised in his motion to correct illegal sentence. Because the trial court erred in denying Zook's rule 3.850 claim that he was improperly sentenced as a PRR, we reverse and remand for resentencing. We affirm, without comment, the denial of Zook's other claims.[2]
In denying the PRR claim in case number 01-10927, the trial court concluded that Zook was properly sentenced as a PRR because he pleaded guilty to burglary of a dwelling. However, at the time that Zook committed that offense, the PRR statute did not specify that burglary of an unoccupied dwelling was a qualifying offense. See § 775.082(9)(a)(1)(q), Fla. Stat. (2000). In State v. Huggins, 802 So.2d 276, 276 (Fla.2001), the Florida Supreme Court approved the decision of the Fourth District Court of Appeal "which held that the Prison Releasee Reoffender Act is not applicable to a defendant who is convicted of burglary of an unoccupied dwelling." See also Caddo v. State, 806 So.2d 520, 521 (Fla. 2d DCA 2001). Although section 775.082(9)(a)(1)(q) was amended in 2001 to reflect that burglary of a dwelling, whether occupied or not, would be a qualifying offense, the amendment did not take effect until July 1, 2001, and it could not be retroactively applied. See Downs v. Crosby, 874 So.2d 648, 651 (Fla. *334 2d DCA 2004); State v. Miranda, 793 So.2d 1042, 1044 (Fla. 3d DCA 2001). Because Zook's offense took place before the effective date of the statutory amendment, the amendment does not apply to him and his sentence must be reversed.
Even though the trial court analyzed Zook's claim in light of his conviction for burglary of a dwelling, the sentencing documents actually reflect that in case number 01-10927 the PRR sentence was imposed for the conviction of dealing in stolen property. If that was the offense for which the trial court intended to impose the PRR sentence, the sentence must still be reversed because dealing in stolen property is not a qualifying offense under the PRR statute. See § 775.082(9)(a)(1). Accordingly, in case number 01-10927, we reverse Zook's sentence and remand for resentencing without the PRR enhancement.
Finally, the sentencing documents reflect that in case numbers 01-9953, 01-9954, 01-9955, 01-10083, and 01-10084, Zook was sentenced as a PRR for burglary of a conveyance. In case number 01-9956, Zook was sentenced as a PRR for both burglary of a conveyance and grand theft. Because none of the offenses qualify Zook for sentencing as a PRR under section 775.082(9)(a)(1), we reverse the sentences in those cases and remand for resentencing without the PRR enhancement.
Accordingly, we reverse the denial of relief solely as to Zook's sentences and remand for resentencing consistent with this opinion.
Affirmed in part, reversed in part, and remanded.
NORTHCUTT and COVINGTON, JJ., Concur.
NOTES
[1] The trial court case numbers are 01-9953, 01-9954, 01-9955, 01-9956, 01-10083, 01-10084, and 01-10927.
[2] Zook actually filed two rule 3.850 motions for postconviction relief and a rule 3.800(a) motion to correct illegal sentence. In a cover letter accompanying his second rule 3.850 motion, Zook requested that the earlier motion be stricken. In the order denying relief, the trial court treated Zook's letter as a request for voluntary dismissal of the first rule 3.850 motion, and the court dismissed the first motion. The trial court then denied the remaining rule 3.850 motion and the rule 3.800(a) motion.