NORTHCUTT, Judge.
In 1999, Edward Lopez was sentenced to fifteen years’ imprisonment as a prison releasee reoffender for burglary of a dwelling, and to ten years’ imprisonment as a habitual offender for possession of burglary tools. The sentences were to run concurrently. In a later motion pursuant to Florida Rule of Criminal Procedure 3.800(a), Lopez successfully challenged the legality of his prison releasee reoffender sentence for the burglary conviction on the ground that the dwelling he burgled was unoccupied. See State v. Huggins, 802 So.2d 276 (Fla.2001); Zook v. State, 883 So.2d 332, 333 (Fla. 2d DCA 2004) (stating that 2001 amendment to section 775.082(9)(a)(l)(q), which made burglary of an unoccupied dwelling a qualifying offense for PRR sentencing, did not apply retroactively). Accordingly, the court re-sentenced Lopez on the burglary conviction to fifteen years’ imprisonment as a habitual offender. For reasons unknown, the court also resentenced Lopez on the burglary tools charge, to fifteen years’ imprisonment as a habitual offender. Lopez contends this was error, and we agree.
We note that prior to briefing in this appeal Lopez filed a rule 3.800(b)(2) motion challenging the legality of his new sentence on the burglary tools conviction. The circuit court ordered the State to respond. In its response the State observed that “[w]hile Count 2 [possession of burglary tools] is a third degree felony, defendant was previously sentenced to ten years Florida State Prison as a Habitual Felony Offender, again a legal sentence and not subject to a 3.800(b) motion.” True enough, but the response said nothing of Lopez’s challenge to the fifteen-year habitual offender sentence imposed for that conviction on resentencing. The circuit court did not rule on Lopez’s motion, hence it is deemed denied. Fla. R.Crim. P. 3.800(b)(2)(B).
The new sentence on the burglary tools conviction must be reversed for several reasons. First, Lopez never challenged his original sentence on that *1107 charge; his rule 3.800(a) motion addressed only his PRR sentence for burglary. Thus, the burglary tools sentence was final and could not be modified. Second, increasing the term of this final sentence violated double jeopardy. See Troupe v. Rowe, 283 So.2d 857 (Fla.1973); see also Fasenmyer v. State, 457 So.2d 1361 (Fla.1984). Finally, the sentence is illegal because it exceeds the maximum permissible habitual offender sentence for a third-degree felony. See § 775.084(4)(a)(3), Fla. Stat. (Supp.1998) (requiring that a habitual offender sentence for a third-degree felony not exceed ten years).
We reverse the fifteen-year sentence imposed on resentencing for Lopez’s conviction for possession of burglary tools. We remand with directions to reinstate Lopez’s original ten-year habitual offender sentence for that offense.
SALCINES and VILLANO!, JJ., Concur.