933 So.2d 1224 (2006)
Bernard WIGGINS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D06-196.
District Court of Appeal of Florida, First District.
July 18, 2006.
*1225 Bernard Wiggins, Pro Se.
Charlie Crist, Attorney General, and Anne C. Conley, Assistant Attorney General, Tallahassee, Attorneys for Appellee.
PER CURIAM.
Appellant appeals the trial court's summary denial of his motion for postconviction relief filed pursuant to rule 3.850, Florida Rules of Criminal Procedure (2005). We affirm the trial court's summary denial on all grounds except one. Because we find that one claim is facially sufficient and not conclusively refuted by record attachments, we reverse the trial court's order summarily denying this claim and remand for either an evidentiary hearing or for the court to attach further portions of the record which conclusively refute Appellant's claim. See Fla. R.Crim. P. 3.850(d).
Appellant was convicted of burglary of an occupied dwelling with an assault and aggravated battery. Appellant's conviction and sentence were affirmed by written opinion. Wiggins v. State, 821 So.2d 378 (Fla. 1st DCA 2002), rev. denied, 845 So.2d 894 (Fla.2003).
In his postconviction motion, Appellant relies on Delgado v. State, 776 So.2d 233 (Fla.2000), and alleges that counsel was ineffective for failing to object to the omission of "surreptitiously" to modify "remaining in" in the jury instruction for burglary. Appellant correctly states that this version of the instruction was applicable to his case because Delgado issued three months prior to Appellant's trial. Moreover, Appellant's offense was committed on December 25, 1999, which was prior to the retroactivity date included in the statute that superseded the supreme court's decision. See § 810.015(2), Fla. Stat. (2001). Because the jury instruction applied, Appellant alleges that he was prejudiced by his counsel's failure to object to the incorrect instruction because he would not have been convicted of burglary if the jury knew that this instruction required Appellant to surreptitiously remain in the apartment.
In Delgado, the supreme court held that if a person is licensed or invited to enter a dwelling or other building, he cannot be convicted of burglary under the "remaining in" theory unless the person surreptitiously remains on the premises. Id. at 240. Delgado stands for the proposition that "evidence of a crime committed inside the dwelling . . . of another cannot, in and of itself, establish the crime of burglary. Stated differently, the State cannot use `the criminal act to prove both intent and revocation of the consent to enter.'" State v. Ruiz, 863 So.2d 1205, 1211 (Fla.2003) (citing Delgado v. State, 776 So.2d 233, 238 (Fla.2000)). Conviction under a general verdict, as here, is improper when it rests on multiple bases, one of which is inadequate. Delgado, 776 So.2d at 241.
Based on our review of the record portions attached to the trial court's summary denial, the State argued that the jury could convict Appellant of burglary if he either entered the premises without the owner's consent and with the intent to commit a felony therein, or if he remained in the premises after the owner withdrew her consent after Appellant began to batter the victim. The State's second argument *1226 is without merit under Delgado. Conviction under a general verdict is improper when it rests on multiple bases, one of which is inadequate. Id. Therefore, we reverse the trial court's summary denial of Appellant's facially sufficient claim and remand for further proceedings consistent with this opinion.
AFFIRMED in part, REVERSED in part, and REMANDED.
BENTON, POLSTON and THOMAS, JJ., concur.