936 So.2d 1198 (2006)
STATE of Florida, Appellant,
v.
Kaion ROBINSON, Appellee.
No. 1D06-0034.
District Court of Appeal of Florida, First District.
August 31, 2006.
Charlie Crist, Attorney General, and Charlie McCoy, Senior Assistant Attorney General, Tallahassee, for Appellant.
*1199 Robert A. Morris of Banks & Morris, P.A., Tallahassee, for Appellee.
PER CURIAM.
The State of Florida appeals an order wherein the lower court granted Kaion Robinson's motion filed pursuant to Florida Rule of Criminal Procedure 3.850, concluding that his trial counsel provided ineffective assistance by failing to object to the jury instruction and the prosecutor's argument regarding burglary of a dwelling that were contrary to the interpretation placed on the statutory definition of burglary by the supreme court in Delgado v. State, 776 So.2d 233 (Fla.2000), which held that a defendant does not "remain in" a structure under the provisions of section 810.02(1), Florida Statutes (1989), unless he or she does so surreptitiously. The state contends that the lower court erred in ordering a new trial, because the legislature nullified the holding of Delgado in chapter 2004-93, Laws of Florida, codified at section 810.015, Florida Statutes (2004). We disagree and affirm.
Robinson was charged with committing, on January 5, 2000, (I) burglary of a dwelling with intent to commit battery, with an assault therein, and (II) battery. Through cross-examination, Robinson's trial counsel attempted to show that he had permission to enter the dwelling of his former girlfriend and that he did not assault or batter her. Although counsel mentioned the recently issued Delgado opinion while arguing for a judgment of acquittal, counsel did not object to the jury instruction or prosecutorial argument that described burglary as entering or remaining in a structure with intent to commit an offense therein. Contrary to Delgado, the instruction and argument did not distinguish between entering the dwelling without permission with the intent to commit a crime therein, and entering by invitation but surreptitiously remaining therein with intent to commit a crime. The jury found Robinson guilty of the lesser-included offense of burglary of an occupied dwelling, and not guilty of battery.
During the pendency of Robinson's direct appeal, in which he did not raise an issue under Delgado, the legislature enacted chapter 2001-58, Laws of Florida, codified at paragraphs (1) through (3) of section 810.05, Florida Statutes (2002), nullifying Delgado, reinstating prior case law wherein "remaining in" was not required to be surreptitious, and providing that the law was retroactive to February 1, 2000, which was two days before the supreme court issued the initial Delgado opinion.[1] This court per curiam affirmed Robinson's conviction. Robinson v. State, 816 So.2d 613 (Fla. 1st DCA 2002).
Robinson filed a timely post-conviction motion seeking a new trial consistent with the holding in Delgado, and while the motion was pending, the supreme court issued State v. Ruiz, 863 So.2d 1205 (Fla. 2003), which considered the effect of chapter 2001-58. The court did not decide whether chapter 2001-58 had legislatively overruled Delgado, but interpreted the amendment to mean that the statute did not apply to conduct that had occurred before February 1, 2000. Accord Fitzpatrick v. State, 859 So.2d 486 (Fla.2003); Floyd v. State, 850 So.2d 383 (Fla.2002).
In the next session, however, the legislature enacted chapter 2004-93, Laws of *1200 Florida, effective May 21, 2004, codified at paragraphs (4) through (6) of section 810.015. The later amended statute stated that Ruiz was contrary to legislative intent and was nullified, and that the date of February 1, 2000, provided in the previous chapter 2001-58 for its retroactive effect, was intended to restore the law as it stood before the initial Delgado opinion was issued on February 3, 2000. The statute provided in pertinent part:
(4) The Legislature finds that the cases of Floyd v. State, 850 So.2d 383 (Fla.2002); Fitzpatrick v. State, 859 So.2d 486 (Fla.2003); and State v. Ruiz/ State v. Braggs [863 So.2d 1205], Slip Opinion Nos. SC02-389/SC02-524 were decided contrary to the Legislative intent expressed in this section. The Legislature finds that these cases were decided in such a manner as to give subsection (1) no effect. The February 1, 2000, date reflected in subsection (2) does not refer to an arbitrary date relating to the date offenses were committed, but to a date before which the law relating to burglary was untainted by Delgado v. State, 776 So.2d 233 (Fla.2000).
(5) The Legislature provides the following special rules of construction to apply to this section:
(a) All subsections in this section shall be construed to give effect to subsection (1);
(b) Notwithstanding s. 775.021(1), this section shall be construed to give the interpretation of the burglary statute announced in Delgado v. State, 776 So.2d 233 (Fla.2000), and its progeny, no effect; and
(c) If language in this section is susceptible to differing constructions, it shall be construed in such manner as to approximate the law relating to burglary as if Delgado v. State, 776 So.2d 233 (Fla.2000) was never issued.
(6) This section shall apply retroactively.
At the hearing below, the court directed the parties to consider the effect of chapter 2004-93 on Robinson's case, but the court did not refer to the amended statute in its final order vacating Robinson's conviction and ordering a new trial. The court observed that Robinson was charged with committing burglary and battery on January 5, 2000, and thus he fell within the Ruiz window and Delgado applied to his case. It concluded as follows:
The Court finds that counsel's failure to object to the jury instructions and the prosecutor's argument amounted to ineffective assistance of counsel. Counsel was aware of Delgado v. State, since she cited it to the court in support of her request for a judgment of acquittal. Therefore, her failure to argue that Delgado also required a change to the jury instructions is difficult to explain and amounted to a deficient performance. There is a reasonable likelihood that absent this error, the jury's decision would have been different. In order to convict under Delgado, the jury would have had to determine that at the time of defendant's entry into the home, he had already formed the intent to batter Jedohne Davis. There is a reasonable likelihood that the jury would not have so found. Therefore, the judgment cannot stand.
The lower court's ruling ordering a new trial pursuant to Delgado was correct. See Wiggins v. State, 933 So.2d 1224 (Fla. 1st DCA 2006) (reversing trial court's summary denial of 3.850 motion raising ineffective assistance for failing to object to the omission of "surreptitiously" to modify the "remaining in" language in burglary jury instruction, pursuant to Delgado). If the state proved that Robinson was not invited in, it was required to prove he entered *1201 through the window with the intent to batter the victim, and not that his intent arose after his entry was accomplished. If the jury had believed the defensethat Robinson's entry was consensualit could not have convicted him of burglary under Delgado, because the record shows there was nothing surreptitious about his remaining inside the dwelling.
We must, however, determine the effect of chapter 2004-93 on Robinson's case, which is an issue of first impression, requiring de novo review. Pursuant to two decisions from this court rejecting the legislature's first attempt to nullify Delgado in chapter 2001-58, the attempt to nullify Ruiz and Delgado in chapter 2004-93 is also ineffective.
Just after the supreme court issued Ruiz, this court decided Foster v. State, 861 So.2d 434 (Fla. 1st DCA 2003) (on mot. for reh'g), review denied, 880 So.2d 1212 (Fla.2004), which was a direct appeal of a burglary conviction wherein Foster claimed that Delgado required reversal, because it was a disputed fact whether he had formed an intent to commit theft before he entered the store, or whether he had devised such intent while inside the store, although he did not remain inside it surreptitiously. This court reversed, concluding that Delgado remained valid even after the legislature's enactment of chapter 2001-58. Although we acknowledged that chapter 2001-58 could be viewed as clarifying the legislative intent that pre-Delgado case law should control, we concluded that the legislature could not nullify a decision of the supreme court, and observed that the supreme court had not overruled Delgado. In so doing, we made the following pertinent observations:
Special care must be exercised in interpreting criminal statutes where subsequently enacted legislation is considered, because the Florida Constitution restricts legislative power by forbidding statutes that authorize sanctions, and proscribing the application of later enacted statutes that "affect prosecution," for conduct that has already occurred. See Art. X, § 9, Fla. Const. ("Repeal or amendment of a criminal statute shall not affect prosecution or punishment for any crime previously committed.")[.] These constitutional restrictions on retrospective criminal statutes apply with full force to legislation explicitly purporting to nullify a judicial decision that has given a criminal statute a definitive gloss.
Id. at 439-40 (footnotes and citations omitted). The court also quoted from State v. Smith, 547 So.2d 613, 616 (Fla.1989): "Although legislative amendment of a statute may change the law so that prior judicial decisions are no longer controlling, it does not follow that court decisions interpreting a statute are rendered inapplicable by a subsequent amendment to the statute." Foster, 861 So.2d at 441. Finally, the court decided:
By the time appellant stood trial, the Delgado court's new, definitive construction of section 810.02(1) was binding. The offense allegedly occurred before chapter 2001-58, section 1, Laws of Florida, took effect. By the time chapter 2001-58 was enacted, the Delgado court had already announced the controlling construction of section 810.02(1), Florida Statutes (1989), as to all cases not yet final as of August 24, 2000. The Legislature was powerless to alter the chronology of these historical facts or to blink their constitutional significance.
Id.
This court reiterated its holding in Foster in Davis v. State, 892 So.2d 518 (Fla. 1st DCA 2004), review dismissed, 895 So.2d 404 (Fla.2005), and 902 So.2d 792 (Fla.2005), wherein, on direct appeal, it *1202 reversed Davis's conviction for burglary, because the trial court had instructed the jury on "remaining in" a structure when the evidence could not support a surreptitious remaining. In both Foster and Davis, the offenses were committed after February 1, 2000, and thus the Ruiz construction of the statute would not have applied to those cases, as it does apply to the offense in the present case, committed on January 5, 2000.
The language in Foster, quoted in Davis, concluding that the legislature did not have the constitutional authority to nullify Delgado, applies equally to the legislature's attempt to nullify Delgado and Ruiz by its enactment of chapter 2004-93.
AFFIRMED.
ERVIN, WEBSTER, and BENTON, JJ., concur.
NOTES
[1] The supreme court issued Delgado v. State, 25 Fla. L. Weekly S79 (Fla.2000), on February 3, 2000. Robinson's trial was held August 16, 2000. On August 24, 2000, the court issued a revised opinion in Delgado v. State, 776 So.2d 233, 241 (Fla.2000), wherein it stated that its decision would not apply retroactively to convictions that had then become final.