QUINCE, J.,
dissenting.
Because I do not conclude that the plain language of the statute in place at the time Leftwich committed his crimes precluded *89 him from future awards of provisional credits, I respectfully dissent from the majority’s decision.
The plain language of section 944.277(l)(g), Florida Statutes (Supp.1988) does not clearly express that all habitual offenders are precluded from acquiring provisional credits because it differentiates between inmates who are sentenced as habitual offenders in another jurisdiction and inmates who receive habitual offender sentences in Florida. We have held that the “legislative use of different terms in different portions of the same statute is strong evidence that different meanings were intended.” State v. Marks, 698 So.2d 533, 540-41 (Fla.1997) (quoting Dep’t of Profl Regulation v. Durrani, 455 So.2d 515, 518 (Fla. 1st DCA 1984)). The language “[i]s sentenced, or has previously been sentenced” for inmates sentenced under the Florida habitual offender statute, compared to “or has been sentenced at any time in another jurisdiction” can be reasonably interpreted to create a narrow category of habitual offenders sentenced in Florida who may still earn provisional credits.
In addition, we should not imply language in the 1988 statute to conclude that Leftwich is precluded from being awarded provisional credits. The statute specifically uses the language “is sentenced, or has previously been sentenced” when referring to inmates sentenced in Florida and the language “or has been sentenced at any time” when referring to those sentenced in other jurisdictions. Therefore, we should not imply that “or has been sentenced at any time” applies to those inmates sentenced in Florida in order to conclude all habitual offenders are precluded from receiving credits. See State v. Hearns, 961 So.2d 211, 219 (Fla.2007) (“Under the canon of statutory construction expressio uni-us est exelusio alterius, the mention of one thing implies the exclusion of another.”).
Furthermore, the 1992 amendment is more than a mere clarification of the legislature’s original intent. Chapter 92-310, Laws of Florida, which amended section 944.277, included the following language in its preamble: “944.277, F.S.; expanding exceptions to eligibility for grants of provisional credits ...” Ch. 92-310, Laws of Fla. (emphasis added). This language supports the conclusion that the amendment expanded the exception to all habitual offenders, eliminating the narrow category of habitual offenders, which included Leftwich, who earned provisional credits under the statute. See Holly v. Auld, 450 So.2d 217, 219 (Fla.1984) (“The preamble and language of [an] enactment readily reveal the legislature’s intent and its policy reasons.”).
This expansion of the exceptions contained in the original statute results in the 1992 amendment being applied retroactively to Leftwich, deeming him ineligible for the provisional credits. An amendment to a statute should not be applied retroactively if it would result in additional punishment for the defendant, thereby violating the ex post facto clause of the Florida Constitution. State v. Smith, 547 So.2d 613, 616 (Fla.1989); see also State v. Miranda, 793 So.2d 1042, 1044 (Fla. 3d DCA 2001). By precluding Leftwich from receiving the 670 days of provisional credit he alleged to have earned, the retroactive application of the amendment results in a longer incarceration and violates the ex post facto clause. Therefore, the statute in place at the time of his offense, the original version of section 944.277(l)(g), must be applied.
Due to the language in the 1988 statute being “susceptible of differing constructions,” one creating a narrow category of habitual offenders to earn provisional cred *90 its and one which categorically precludes all habitual offenders from earning provisional credits, the rule of lenity requires this Court to construe the 1988 statute most favorably to Leftwich. § 775.021(1), Fla. Stat. (1989). Since the statute must be construed to allow a narrow category of habitual offenders to earn provisional credits, Leftwich was eligible to receive future awards of provisional credit on any sentence prior to the entry of his habitual offender sentence.
I would therefore quash the decision of the First District below and approve the decision of the Second District in Downs v. Crosby, 874 So.2d 648 (Fla. 2d DCA 2004).
PARIENTE, J., concurs.