IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

RANDY ANDERSON,

  Appellant,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

v.           CASE NO. 1D17-1277

STATE OF FLORIDA,

  Appellee.

_____/

Opinion filed August 28, 2017.

An appeal from the Circuit Court for Duval County.
Russell L. Healey, Judge.

Randy Anderson, pro se, Appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, for Appellee.


B.L. THOMAS, C.J.

  Appellant appeals the trial court's denial of his rule 3.800(a) motion asserting that his 25-year minimum-mandatory sentence, imposed for a conviction of trafficking in between 28 grams and 30 kilograms of hydrocodone, section 893.135(1)(c)1.c., Florida Statutes (2014), is illegal. Appellant argues that in 2014

the Florida Legislature passed chapter 14-176, section 1, Laws of Florida, which reduced the minimum-mandatory sentence for trafficking in this amount of hydrocodone. Chapter 14-176, section 1, became effective on July 1, 2014, and did in fact reduce the minimum-mandatory sentence applicable to the amount of hydrocodone charged against Appellant from 25 years to 7 years. But the State charged Appellant with committing this offense on May 28, 2014, before the effective date of the statute reducing the applicable minimum-mandatory term, and the sentence to be imposed must conform to the statute in effect at the time a defendant commits his offense. *See generally Davis v. State*, 892 So. 2d 518, 519-20 (Fla. 1st DCA 2004) (discussing that Article X, section 9, of the Florida Constitution states that "[r]epeal or amendment of a criminal statute shall not affect prosecution or punishment for any crime previously committed"). Appellant's 25-year minimum-mandatory sentence is therefore legal.

AFFIRMED.

OSTERHAUS and WINSOR, JJ., CONCUR.