891 So.2d 1184 (2005)
Shane A. BRADSHAW, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-2148.
District Court of Appeal of Florida, Second District.
February 2, 2005.
Peter S. Baranowicz, Venice, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Anne Sheer Weiner, Assistant Attorney General, Tampa, for Appellee.
DAVIS, Judge.
Shane A. Bradshaw challenges his conviction and sentence for the offense of armed burglary. We affirm the conviction without comment; however, we reverse the sentence and remand for resentencing.
Following his conviction at jury trial, Bradshaw was sentenced to life in prison as a prison releasee reoffender (PRR). The State properly concedes that the enhanced sentence was improper. The offense for which Bradshaw was convicted took place before July 1, 2001, at which time the PRR statute only applied to burglaries of occupied dwellings.[1] Since there was no evidence presented below that the dwelling was occupied at the time of Bradshaw's offense, the sentencing enhancement did not apply. See Zook v. State, 883 So.2d 332 (Fla. 2d DCA 2004). We therefore reverse Bradshaw's sentence and remand for resentencing.
Bradshaw also suggests that his sentence is improper based on the United States Supreme Court's decision in Blakely v. Washington, ___ U.S. ___, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). However, since we are remanding this matter to the trial court for resentencing, it would be premature at this juncture to attempt to determine whether the limits established in Blakely apply.
Affirmed in part, reversed in part, and remanded for resentencing.
SILBERMAN and KELLY, JJ., concur.
NOTES
[1] The statute, section 775.082, Florida Statutes (2000), has been modified to apply to both occupied and unoccupied dwellings; however, the modification did not take effect until July 1, 2001.