917 So.2d 898 (2005)
Charles Edward EUBANKS, Sr., Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-2871.
District Court of Appeal of Florida, Fifth District.
October 18, 2005.
Motion for Rehearing, Clarification and Certification December 9, 2005.
Charles E. Eubanks, Avon Park, pro se.
*899 No Appearance for Appellee.
PER CURIAM.
Affirmed.

ON MOTION FOR REHEARING, CLARIFICATION, AND CERTIFICATION
SHARP, W., J.
Eubanks filed a motion for rehearing or clarification after this court per curiam affirmed the summary denial of his motion seeking collateral relief, pursuant to Florida Rule of Criminal Procedure 3.800(a). He contended that his life sentence, received as a prison releasee reoffender,[1] is illegal because it was not clear that he was convicted of a burglary of an occupied dwelling, as opposed to an unoccupied dwelling. He relied on Bradshaw v. State, 891 So.2d 1184 (Fla. 2d DCA 2005). Because our affirmance appears to create a conflict with Bradshaw, we grant Eubanks' motion for clarification and write to explain our affirmance.
In this case, Eubanks was convicted of armed burglary of a dwelling, a first degree felony.[2] The prison releasee reoffender statute specifically lists armed burglary as a qualifying offense. See § 775.082(9)(a)1.p., Fla. Stat. (1999). "Occupied" versus "unoccupied" makes no difference, if an armed burglary is involved. If the crime is simply a burglary, then whether or not the dwelling is occupied or unoccupied does matter, because the language of section 775.082(9)(a)1.q., Florida Statutes, in place at the time Eubanks committed his offense, specified as a qualifying crime "burglary of an occupied structure or dwelling." See State v. Huggins, 802 So.2d 276 (Fla.2001).
In the Bradshaw case, the crime involved was armed burglary, as in this case. However, in Bradshaw, the state conceded error and the court did not note the difference in wording between the two subsections quoted above. Further, this court has ruled that armed burglary is a qualifying offense, without regard to whether or not the dwelling is occupied. See Stabile v. State, 790 So.2d 1235 (Fla. 5th DCA 2001), approved on other grounds, 838 So.2d 557 (Fla.2003). To the extent Bradshaw is in conflict with Stabile and this opinion, we certify that a conflict exists.
Motion for Rehearing, Clarification and Certification GRANTED. AFFIRMED.
PETERSON and TORPY, JJ., concur.
NOTES
[1] § 775.082(9)(a)1., Fla. Stat. (2002).
[2] § 810.02(2)(b), Fla. Stat. (2000).